ST. LOUIS UNION TRUST COMPANY, Trustee, et al., Plaintiffs, CHARLES H. CLARKE, et al., Defendants, HUGH A. CLARKE, et al., Appellants, v. WILLIAM M. FITCH.—No. 39479.—190 S. W. (2d) 215.

Division One, October 1, 1945.

Rehearing Denied, November 5, 1945.

*John S. Leahy, Leahy & Leahy, McClellan & Shrewsbury, H. A. Hamilton* and *Orr, Pflager & Foulis* for appellants.

*Malcolm I. Frank* for respondent.

*Ethan A. H. Shepley, Frank H. Fisse* and *Harry W. Kroeger* for St. Louis Union Trust Company, Successor Trustee, as *amicus curiae.*

 GANTT, J.—Action on motions of attorney Wm. M. Fitch for attorney fee and expenses. They are motions in the case of St. Louis Union Trust Company and Allen C. Orrick, Trustees of Hazlett Campbell's estate. On the death of Hazlett, said trustees petitioned the court for a construction of the trust deeds under which they had possession of the property, identification of the beneficiaries under the trust, and for instructions on administration of the trust. The motions were considered together and judgment was for $16,500 attorney fee and judgment for $584.75 expenses against the trust fund. Certain beneficiaries appealed.

The property involved was owned by Robert and Virginia Campbell. In 1877 they executed to trustees a deed of settlement in favor of their sons Hugh, Hazlett and James. In 1885 the trustees executed a trust deed to James Campbell as trustee of Hazlett's estate. Hugh Campbell succeeded James Campbell as trustee of the estate. On his resignation the St. Louis Union Trust Company and Allen C. Orrick succeeded him as trustees of the estate. The trust deed of 1885 was executed under the terms of the deed of 1877.

In the instant case, in which the motions under consideration were filed, the court below construed the deeds above mentioned as vesting in Hazlett Campbell a life estate in the trust property in the possession of the St. Louis Union Trust Company and Allen C. Orrick, trustee, with remainder to his heirs as purchasers. The question of beneficiaries was referred to a commissioner, who named one hundred sixty-one as the persons entitled to participate as beneficiaries under the trust. On motion of the beneficiaries, the court made an order of partial distribution in the sum of $540,000. For cautionary reasons the trustees filed an exception to the report of the commissioner in which they claimed that the commissioner omitted seventeen named persons who were entitled to be included as beneficiaries under the trust. The court overruled the exception and entered judgment in favor of the one hundred sixty-one persons named by the commissioner. The trustees filed an affidavit for appeal from the ruling of the court on the exception to the report, and also filed an affidavit for appeal from the order of partial distribution, which appeals were denied. Thereupon the trustees filed in this court petitions for mandamus to compel the chancellor below to grant the appeals. Alternative writs of mandamus were issued and served on the judge below.

Furthermore, Yale University entered the litigation by filing an answer. In substance it alleged that Hazlett Campbell had no inheritable interest in the property under the original trust deed; that

the reversionary interest in the property remained in the original grantors (Robert and Virginia Campbell); that upon their deaths the property descended under the statute, and that Hugh Campbell devised and bequeathed his undivided one-half of the property to the university. The chancellor below dismissed with prejudice the answer of the university. The university filed affidavits for appeals from the ruling of the court on the answer and from the order of partial distribution, which appeals were denied. The university filed in this court petitions for mandamus to compel the chancellor below to grant the appeals. Alternative writs of mandamus were issued and served on the judge below.

Furthermore, the public administrator of the City of St. Louis also entered the litigation by filing an answer and cross bill in three counts. In substance he made allegations similar to the allegations of Yale University with reference to the ownership of personal property of the trust estate. He also alleged that as administrator he was entitled to either all or half of the personal property. He also alleged that as administrator it was his duty to collect a federal tax from the estate. The federal tax question was ruled against him in the federal court, and the chancellor below dismissed with prejudice the answer and cross bill. He filed affidavits for appeal from the rulings of the court on the answer and cross bill, the order overruling his exceptions to an accounting of the trustees, and the order of partial distribution. He filed in this court petitions for mandamus to compel the chancellor below to grant the appeals. Alternative writs of mandamus were issued and served on the judge below.

On service of the alternative writs, the judge below requested respondent who represented a number of beneficiaries to prepare and file returns to the writs. He did so and at his request other attorneys for beneficiaries also signed the returns. Respondent also, at the request of the judge below, briefed and argued the mandamus cases in this court as attorney for said judge. In due course this court made all of the alternative writs peremptory except the alternative writ in favor of the trustees seeking the appeal from the ruling of the court below on the question of beneficiaries. That writ was quashed. The opinions in said cases may be found in reports as follows: State ex rel. Yale University v. Sartorius, 349 Mo. 1039, 163 S. W. 2d 981; State ex rel. Madden v. Sartorius, 349 Mo. 1054, 163 S. W. 2d 987, and State ex rel. St. Louis Union Trust Co. v. Sartorius, 350 Mo. 46, 164 S. W. 2d 356.

The appeals were allowed by the chancellor below as directed by this court. The Madden case was briefed and argued in this court on the merits. In that case we affirmed the judgment of the chancellor below which decreed that Hazlett's heirs were the only persons having an interest in the trust property and they took as purchasers subject to the administration of the trust. We dismissed the Madden appeals

from the order overruling the exceptions to an accounting of the trustees and the order of partial distribution. [St. Louis Union Tr. Co. v. Clarke, 352 Mo. 518, 178 S. W. 2d 359.] As a result of the ruling in the last mentioned case, Yale University dismissed its appeal and the trustees dismissed their appeal from the order of distribution.

On the determination of the Madden case on the merits in this court, the chancellor below ordered a partial distribution to the one hundred sixty-one beneficiaries in the sum of $1,620,000, which left in the trust estate property of the value of approximately $350,000.

■ Respondent contends that the beneficiaries are not aggrieved parties and for that reason the appeal in this case should be dismissed. [Sec. 1184, R. S. 1939.]

Persons filing in court claims as heirs of Hazlett became parties to the suit. Furthermore, the persons ruled by the court to be heirs of Hazlett and beneficiaries under the trust estate became interested in the trust fund. It follows the beneficiaries may question any claim against said fund. If so, they are aggrieved parties by an adverse ruling on a questioned claim and may appeal.

■ In this connection respondent contends that attorney Hamilton was without authority to make the affidavit for appeal as agent of the fifty-three beneficiaries he assumed to represent. It is admitted that he represents one of said beneficiaries. Attorney Leahy claims to represent the balance of said beneficiaries. It is admitted that he represents four of them. The chancellor below had been informed that attorney Leahy could not be present in court at the time and that he had authorized attorney Hamilton to represent him. In other words, the chancellor was satisfied that attorney Hamilton was authorized as agent of the named beneficiaries to execute the affidavit for appeal. [Sec. 1186, R. S. 1939.] It should be stated that no beneficiary has challenged in this court the authority of attorney Hamilton to make the affidavit for appeal. The motion to dismiss the appeal is overruled.

■ On the merits respondent contends "that a fund which has been increased or protected by the services of an attorney should bear the expenses of allowance of his fees."

This is admitted to be the rule announced in the cited cases. Assuming, but not ruling, that respondent was an attorney for the trust estate in the mandamus cases, it appears that his services in said cases neither increased nor protected the fund. It follows that said cases are not in point.

■ On the merits respondent also contends that "a court of equity has the inherent right to appoint counsel to protect its judicial functions, and this necessarily includes the power to allow reasonable compensation for their services from a fund under its control."

644

The request of the judge below that respondent represent him in the mandamus cases was not the performance of a judicial function. It also follows that the cases cited on the question of "judicial functions" are not in point.

On the merits respondent also contends that "in a suit to construe trust deeds, the trust fund must bear the costs of its own administration."

This also is admitted. Of course, this does not mean that the trust fund is liable to the personal attorney of the judge for services rendered at his request. In this case there is no record of the court challenging the administration of the trust estate by either the trustees or the attorneys for the trustees. Furthermore, respondent admits that there is no court record appointing him attorney for the trust estate. He knows the necessity of such a record and argues that the court, by record, could have appointed him. In this situation he argues that equity regards that as done which should have been done, and for that reason he was the attorney in the mandamus cases by appointment of record in the main case. There is no authority for making court records by application of equitable maxims. In the mandamus cases respondent rendered no service to the trust estate. In those cases he only represented the judge below.

The judgments for attorney fee and expenses are reversed. All concur.