BERREY, Judge.
 

 A.J. Houston appeals from denial by the Probate Division of the Circuit Court of Randolph County of his “Motion to Deny Final Discharge of Guardian and to Set Aside, Vacate and Modify Order of this Court and to Modify the Final Settlement and Objections to and Motion to Modify Final Settlement.” Judgment is reversed and remanded.
 

 In August, 1975, Maud Stigall was declared incompetent to manage her affairs and Thomas B. Stroud was appointed as her guardian. Stroud retained attorney John L. Port to handle necessary legal matters. In January, 1979, Stroud was replaced as guardian by his wife who served until February 16, 1982. Thereafter, Elizabeth Zaner assumed the role of guardian and remained as such for twenty-three days at which time the guardianship estate terminated due to the death of Maud Sti-gall on March 11, 1982.
 

 Port remained attorney for the successor guardians of the Stigall estate throughout the duration of the estate. He was joined by Channing D. Blaeuer, currently circuit judge in Randolph County, as the guardian’s attorney in 1979.
 

 
 *279
 
 From the inception of the guardianship estate in 1975, until Mrs. Stroud’s retirement in 1982, the guardian and the guardian’s attorney each received the following fee payments from the estate: $695.00, $726.00, $700.00, $224.89, $303.58, $629.00. On February 25, 1982, fees of $2,644.83 and $2,144.83 were paid to the guardian and her attorney, respectively, as final settlement of the Stroud guardianship. Appellant does not contest these payments nor the final settlement of guardian Stroud.
 

 After the death of Maud Stigall, attorneys Port and Blaeuer and successor guardian of twenty-three days, Zaner, filed a motion for final settlement of the guardianship estate with the probate court. The settlement covered the period from February 17, 1982, to April 7, 1982. At that time, the estate consisted of assets totaling $184,563.76 of which a substantial amount was in jointly held assets with the right of survivorship. The attorneys calculated their fees and the guardian’s fees pursuant to the decedent’s estate fee schedule found in § 473.153, RSMo 1980, and arrived at fees of $6,346.63 for the attorneys and $6,346.63 for the guardian. The motion for final settlement was approved.
 

 Appellant is the nephew and sole beneficiary of the testamentary estate of Maud Stigall. He filed his “Motion to Deny Final Discharge ...” based upon the unreasonableness of the fees ordered at final settlement and was granted a hearing.
 

 From the hearing, it was adduced by Port that it is customary in Randolph County to award attorneys and guardians “some sort of discharge fee based on the value of the attorney’s services to the estate over the entire period of the guardianship administration” when the estate is terminated by death or competency restoration of the ward. It was also adduced that the normal way of computing these “Termination” or “Turnover” fees is by plugging the size of the gross estate into the § 473.153 fee schedule regarding decedents’ estates. The probate judge stated several times throughout the course of the hearing that he would not accept time records to aid in fee determination. Moreover, there was no testimony or judicial comment suggesting that any evidence other than the § 473.153 fee schedule is used in Randolph County to determine fees at final settlement of a guardianship estate. When attorney Blaeuer was questioned at the hearing about the manner in which the order allowing attorney and guardian fees was entered he replied, “We may have appeared but I doubt that there was evidence adduced.”
 

 The trial court overruled the “Motion to Deny Final Discharge ...” and appellant’s Request for Findings of Fact and Declarations of Law.
 

 Appellant contends the trial court erred in awarding the final settlement fees because the fees were calculated pursuant to § 473.153 the fee schedule for personal representatives and their attorneys in decedents’ estates, without consideration of the reasonableness of the fees which is required by § 475.265, RSMo 1978, the guardian’s compensation statute.
 

 The Missouri statute concerning compensation of guardians and their attorneys reads “[a] guardian or conservator shall be allowed such compensation for his services as guardian or conservator, as the court shall deem
 
 just
 
 and
 
 reasonable.”
 
 Section 475.265, RSMo Supp.1983 (emphasis added). The statute further reads, “[ejompen-sation may also be allowed for necessary expenses in the administration of [the guardian’s or conservator’s] trust, including reasonable attorney fees if the employment of an attorney for the particular purpose is necessary.”
 
 Id.
 

 On the other hand, the statute concerning decedents’ estates fees, § 473.153, authorizes the court to order fees based on a minimum fee schedule. The schedule does not set the upper limit and the court may award fees in addition to those allowed at the minimum level
 
 if the.
 
 additional fees are
 
 justified
 
 and
 
 reasonable. See Estate of Newhart,
 
 622 S.W.2d 398, 401 (Mo.App.1981). In determining what, if any, additional fees are reasonable, the court must collectively take into account
 
 *280
 
 the following factors: 1) time required to perform duties, 2) difficulty of duties involved, 3) services performed, 4) applicability of professional rates, and 5) the amount of the estate.
 
 In re Estate of Bacheller,
 
 437 S.W.2d 132, 139 (Mo.App.1968);
 
 Estate of Newhart, supra,
 
 at 402.
 

 Unlike the statute governing compensation of executors, the statute governing compensation for guardians and their attorneys does not set forth a minimum fee schedule; nor does the statute refer the court to a formula for computing just and reasonable fees to be awarded the guardian. For attorney fees, the statute authorizes
 
 reasonable
 
 fees necessary for
 
 particular
 
 purposes. Also, there is no mention of a termination or turnover fee to be awarded at the close of the estate.
 

 There seems to be no Missouri case which actually sets forth the factors to be used in determining what is just and reasonable compensation for guardians and their attorneys. However, a noted legal commentator asserts that the compensation is to be based upon “all circumstances of the guardianship, including the size of the estate, the productiveness of the estate, the disbursements from the estate, the nature and difficulty of the services performed, and what is a customary charge for similar services in the community.” 5 Maus, Probate Law and Practice, § 1969, pp. 319-320.
 
 See also In re Messer’s Guardianship,
 
 242 Wis. 66, 7 N.W.2d 584, 586 (1943) citing RESTATEMENT OF TRUSTS § 242 (1935). Absent statutory authorization, the court cannot arbitrarily fix a fee schedule to determine what is “just and reasonable compensation” without taking into account evidence of the reasonable value of the services.
 
 Lucom v. Atlantic National Bank of West Palm Beach,
 
 97 So.2d 478, 481 (Fla.1957);
 
 In re Messer’s Guardianship, supra,
 
 7 N.W.2d at 586.
 

 It is apparent from the record that the probate judge took no evidence on the issue of reasonableness of fees before he ordered them to be paid. In this instance, a thoroughly unjust result has occurred. Guardian Zaner was awarded $6,346.63 for twenty-three days of service where her duties consisted of writing sixteen checks and renewing a few estate investments. The attorneys were also awarded $6,346.63. The probate judge was unconcerned with the particular services the attorneys rendered the estate.
 

 The judge erroneously applied Missouri statutory law by basing his decision to uphold the attorney and guardian fees as reasonable solely on the “county custom” of using the decedent’s estate fee schedule. The court must take evidence and apply the previously noted factors when calculating or approving fees associated with the guardianship estate. The court may consider only those services rendered during the period in which fees have not yet been awarded. Herein, the applicable period would be February 17, 1982, to April 7, 1982. This cause is reversed and remanded for further consideration of the fees to be awarded for said period.
 

 Respondents have made a motion to dismiss which this court has taken with the case. They argue two points upon which this appeal should be dismissed. The motion is overruled.
 

 First, respondents argue appellant failed to timely file the record on appeal as required by Rule 81.18. This court finds that due to delays in preparation and approval of the trial transcripts, appellant’s failure to file the record within ninety days of the notice of appeal was the result of excusable neglect and this court has discretion to extend the time allowed for appellant to act. Rule 44.01(b).
 

 Second, respondents argue that appellant, as the beneficiary of a ward’s decedent estate, lacks standing to object to a court order awarding fees in the guardianship estate and, therefore, appellant lacks standing to assert this appeal. They reason that under Missouri Probate and Guardianship Law, appellant is not the proper party to object to a court-ordered award of guardianship fees.
 

 Respondents cite two cases which they contend support the motion.
 
 Estate ofLiv-
 
 
 *281
 

 ingston,
 
 627 S.W.2d 673, 679 (Mo.App. 1982), states, “after the death of a ward an action cannot be commenced against the guardian or the guardianship estate.” However, the court held that under the authority granted the guardian to wind up the estate under § 475.285.3 (repealed by Laws 1983) the guardian may represent the estate in the final disposition of claims against the ward’s estate which were reduced to judgment before the ward died.
 

 In
 
 State ex rel. Hollenbeck,
 
 394 S.W.2d 82, 87 (Mo.App.1965), the court held that the guardian may not continue to represent the estate where claims other than funeral expenses, inheritance and estate taxes, and obligations of the ward incurred by the guardian exist.
 
 See
 
 § 475.320.1, RSMo Supp.1983. Claimant sought appointment of an administrator against whom he could advance an action in tort committed by the ward. The court noted that “[ujnder the Probate Code of 1955, the authority of a guardian still terminates upon the ward’s death subject only to the specific statutory exception” referred to
 
 infra. Hollenbeck
 
 at 89. The court ordered an administrator be appointed to enable claimant to bring suit.
 

 This court acknowledges the law cited by respondents that the guardian is not the proper party defendant where claimant seeks to bring an action against the ward or the ward’s estate after the ward’s death, but the instant case is an entirely different situation and appears to present a novel question to this court. Here, the appellant, as primary beneficiary of the ward’s estate, is attacking the actions of the
 
 guardian
 
 and her
 
 attorney;
 
 appellant is not asserting claims against the ward or the ward’s estate. The guardian-ward relationship terminating upon the death of the ward should be of no consequence when the claimant is not attempting to assert claims against a ward via his legal representative.
 

 Respondents also assert that because the code governing guardianships does not provide for a challenge of a guardian’s fee or a guardian’s attorney fee by the beneficiary of the ward’s estate, that no challenge is available. This court cannot agree with the negative inference respondents seek to advance. The situation herein illustrates why there must be some avenue for contest.
 

 As there is no precedent barring an action against the guardian after the death of the ward when the plaintiff is not seeking to enforce a claim against the ward or the ward’s estate, this court is left with determining whether the appellant was a proper plaintiff in the underlying action and whether he was entitled to assert this appeal.
 

 A civil action “must be prosecuted in the name of the real party in interest.” Rule 52.01. “The purpose of the Rule is to enable those who are directly interested in the subject matter of the suit and are entitled to reap the benefits thereof to be those who maintain the action.”
 
 Janssen v. Guaranty Land Title Co.,
 
 571 S.W.2d 702, 706 (Mo.App.1978). The plaintiff must have some “actual and justiciable interest susceptible of protection through litigation.”
 
 Id.
 

 Under the unusual circumstances presented here, the appellant has the most direct interest in the subject matter of the suit; as the primary beneficiary of Maud Stigall’s decedent estate, he has an actual and justiciable interest which could have been protected by litigation. Respondents were allowed to unduly deplete the estate thereby reducing the appellant’s share in the estate. The personal representative, another potentially proper plaintiff, failed to challenge the final settlement award as being excessive. Also, if beneficiaries of the ward’s estate are not allowed to challenge improper fee awards, final settlements would stand subject only to the undaunted scrutiny of the approving court in instances where no personal representative is required to close the estate, i.e., under § 475.320.1.
 

 Appellant asserts that because property he held jointly with decedent and in which he had survivorship rights was used in calculating the contested fees, he had standing to bring his cause of action.
 

 
 *282
 
 However, we do not recognize his justicia-ble interest on this ground because the property was a part of the guardianship estate before the death of Maud Stigall and as such, the guardian was charged with the duty of administering it.
 

 To assert appeal, the appellant must have been a party to a suit and aggrieved by the judgment of the trial court. Section 512.020, RSMo 1978;
 
 Crigler v. Frame,
 
 632 S.W.2d 94, (Mo.App.1982). Section 472.160.1, RSMo Supp.1983, allows any interested person aggrieved from the order of the probate court to appeal in certain circumstances enumerated thereunder. One such circumstance is “the allowance of any claim against the estate exceeding one hundred dollars.” Section 472.160.1(1). Pursuant to § 475.020, RSMo Supp.1983, the provisions of Chapter 472 apply to guardianships unless therein restricted. Statutes governing the right to appeal judgments of the probate court should be liberally construed, as the law favors the right to appeal.
 
 Cooper, supra; Reis v. Nangle,
 
 349 S.W.2d 508, 513 (Mo. App.1961).
 

 Appellant is an interested party entitled to an appeal in that excessive attorney’s and guardian’s fees directly reduce the amount of the estate to which he is entitled as primary beneficiary. The trial court ordered over $12,000.00 to be paid from the estate of which appellant was the primary beneficiary thereby making him an aggrieved party. Inasmuch as beneficiaries of a trust are aggrieved parties to the adverse awarding of attorney’s fees in connection with the trust,
 
 see St. Louis Union Trust Co. v. Fitch,
 
 190 S.W.2d 215, 217 (Mo.1945), appellant in this instance is also an aggrieved party who may assert his appeal. Respondent’s Motion to Dismiss is denied.
 

 Judgment is reversed and remanded for proceedings not inconsistent with this opinion.
 

 All concur.