John L. Sullivan, St. Louis, Ramon J. Morganstern, Clayton, and Connie J. Clark, Osage Beach, for movant-appellant.

Richard W. Jacobsmeyer, Clayton, for petitioners-respondents.

**R.W. JACOBSMEYER, Jimmie Lea Caldwell, Robert W. Caldwell, and Francis J. Wagner, Jr., Conservators of the Estate of Melvin C. Caldwell, Petitioners-Respondents,**

v.

**Janice M. CORDES, Movant-Appellant.**

**No. 49917.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 22, 1985.

Motion for Rehearing and/or Transfer Denied Nov. 12, 1985.

Application to Transfer Denied Dec. 17, 1985.

KAROHL, Presiding Judge.

Janice M. Cordes, daughter of Melvin C. Caldwell (protectee), an incompetent, appeals from an order denying her petition for appointment of conservator ad litem and authorizing respondent conservators, Jimmie Lea Caldwell, protectee's wife, Robert W. Caldwell, protectee's son, and R.W. Jacobsmeyer and Francis J. Wagner, Jr., protectee's business associates, to sell protectee's shares of stock of a closely held company, Caldwell Paint Manufacturing Company (Company), to a purchaser for a price not less than $6,761,742.50

On March 9, 1982, Melvin C. Caldwell was the victim of a car bombing. On July 30, 1982, he was declared incompetent by the Circuit Court of St. Louis County, Missouri, Probate Division. Respondents, Jimmie Lea Caldwell, Robert W. Caldwell, R.W. Jacobsmeyer and Francis J. Wagner,

Jr., were appointed as guardians[1] of his estate. Jimmie Lea Caldwell was also appointed guardian of his person.

On February 8, 1985, respondents jointly filed a petition for authority to sell 1419 of the total 1469 issued and outstanding shares of common stock of Company owned by the protectee's estate at $4,765.15 per share. Robert W. Caldwell owns the other 50 shares of stock. The petition alleged as follows: At the inception of the conservatorship the company was retained in the event protectee recovered, he could return to operate the business. It became apparent, however, that protectee would not recover and no reason remained to continue the business for his sake. It was in the best interests of protectee to sell his shares of stock for investments on his behalf, to provide adequately for his treatment, rehabilitation, support and maintenance and that of his family. The stock was the principal asset of the estate and subject to economic conditions of the marketplace and it was in the best interest of the protectee to convert his stock to cash now, in a favorable market, which would give the protectee adequate income for the rest of his life. It was not wise or prudent to have practically all the protectee's assets in one investment. There had been disagreements within the family concerning the management of the company and a sale would alleviate the possibility of further disharmony within the family at the time of the protectee's death with regard to management and control of the business. A sale at the present time would avoid a forced sale after the protectee's death to pay federal estate taxes. An offer was made to purchase all 1,469 outstanding shares of the company for $7,000,000.00 cash, $6,761,742.50 of which would be the protectee estate's share. Appellant filed no responsive pleadings.

On February 13, 1985, notice of a hearing on respondents' motion was made to appellant and to her attorney. The hearing was held on February 22, 1985. On the day of the hearing appellant presented a Petition for Appointment of Conservator Ad Litem. Appellant alleged a possible conflict of interest exists between the protectee and several of the conservators. She stated Robert W. Caldwell's stock is completely unsellable without the sale of the controlling interest petitioned for by him as one of the conservators. She also contended the hearing would develop other areas of conflict "such as payment of a finder's fee, establishment of deferred compensation agreements, employment contracts or other forms of consideration passing to Robert W. Caldwell." Appellant averred Jimmie Lea Caldwell "may have a conflict of interest in that she may have entered into signed agreements with the prospective purchaser relating to her agreement to petition for the sale of the corporate stock." Appellant finally alleged R.W. Jacobsmeyer may have a conflict of interest relating to his overcompensation for the ongoing legal representation of the company. No allegations of possible conflict were made about Francis J. Wagner, Jr.

Respondents orally objected to appellant's petition at the time it was presented stating there was no authority for it, it was not timely filed, no proper notice of a hearing was given, appellant was not an interested party, and she had posted no bond "if she is going to act as a conservator in this matter." The court responded that appellant was present, represented by an attorney, and would be given an opportunity to present whatever evidence she thought pertinent. At appellant's request the court withheld its ruling on respondent's objection until after the hearing. Robert C. Caldwell, James Pandjiris, an expert on the evaluation of closely held companies, Francis J. Wagner, Jr., and William R. Hauk, a certified public accountant, testified on behalf of respondents. R.W. Jacobsmeyer and Ervin J. "Bud" Lang, Jr., an expert on insurance and securities, testified on behalf of appellant.

1. Now referred to as conservators of the estate under § 475.010 RSMo.Supp.1984.

The trial court denied appellant's petition for her appointment as conservator ad litem and granted the guardian's and conservators' petition to sell protectee's 1,419 shares of common stock of company for cash at a price not less than $6,761,742.50. Appellant challenges the trial court's authority in denying her appointment as conservator ad litem, and discretion in ordering the sale of stock. Respondents contend appellant has no standing to appeal from the denial of her request to be appointed conservator ad litem. We first address the issue of standing which relates to our jurisdiction before reaching the merits of the orders entered by the trial court.

Appellant must have standing to appeal the trial court's order denying her petition to be appointed conservator ad litem. Appellant must, therefore, be an interested person aggrieved by a judgment or decree of the probate division of the circuit court in any of the enumerated cases stated in § 472.160 RSMo.Supp.1984. Interested persons are defined as "heirs, devisees, spouses, creditors, or any others having a property right or claim against the estate of a decedent being administered." § 472.-010(15) RSMo.Supp.1984. Decedent may be read as protectee under § 475.020 RSMo.Supp.1984. As daughter of the protectee, appellant is not an interested person under the statute. She is neither a devisee, spouse, creditor, nor does she have a claim against the estate of the protectee. She also may not claim her right as an heir of the protectee as "no one is an heir to the living." *State ex rel. Goodloe v. Wurdeman,* 286 Mo. 153, 227 S.W. 64, 66 (1910). Further, appellant can not claim a property interest in the estate. The supreme court in *Goodloe* stated that whatever interest a child may have of the ward "is a purely sentimental and filial interest in the person of [the ward]. The language of the statutes precludes the idea that it was meant to include one having a sentimental interest only, in an estate." *Goodloe,* 227 S.W. at 67.

Appellant cites *Houston v. Zaner,* 683 S.W.2d 277 (Mo.App.1984) for the proposition that there must be "some avenue for challenge" by way of appointment of conservator ad litem upon a showing of a possible conflict of interest. *Houston* is clearly distinguishable from the instant case. The appellant in *Houston* was the primary beneficiary of the ward's estate. The ward died and appellant became a devisee of the ward's estate. She, therefore, was an interested person under the statute with standing because she was devisee. The facts in the present case do not lend themselves to the application of *Houston* because the protectee is still alive. This precludes appellant from asserting a present pecuniary interest in the estate. Appellant is not an interested person nor is she aggrieved by the decision of the trial court in a manner now protected by statute. A party must have a direct pecuniary interest in the result of litigation to have the right of appeal as aggrieved by the judgment. § 512.020, RSMo.1978. Appellant is nothing more than an apparent future heir and has no interest other than a mere expectancy in the protectee's estate.

On reply appellant argues she is an interested person under § 475.160 RSMo Supp. 1984. Appellant's reliance on this statute is misplaced. Section 475.160 RSMo Supp. 1984, grants "[a]ny conservator, protectee, creditor or other person, including a person interested in expectancy ... of the estate of a protectee" a right to seek a "determination of the title and right of possession" of the estate. Here the title and right of possession of protectee's estate is not in question. This section does not grant standing denied in *Goodloe.*

We find appellant has no standing to appeal because she was denied appointment as a conservator ad litem. If the guardians and conservators have not performed their duties in the best interests of the protectee and under the statutes, they may be liable upon their bond and otherwise both to the protectee during his lifetime and to his heirs upon his death. *Goodloe,* 227 S.W. at 67. We note, however, the present appeal does not directly contend the propriety of sale of stock is not supported by evidence. We make no comment on the grant of a

hearing on the petition to sell corporate stock, where the statutes do not require a formal hearing, except we observe that it appears to have been done at the discretion of or at the request of the trial court so its decision could be more informed on the facts.

We dismiss the appeal for want of standing of appellant in the trial court and before this court.

SIMON and GARY M. GAERTNER, JJ., concur.