**In the Matter of Ralph HANCOCK, Incapacitated.**

**No. 17790.**

Missouri Court of Appeals, Southern District, Division Two.

July 16, 1992.

Tweedie Fisher, Jefferson City, for appellant.

Ina Ruth McKune, Thomas, Birdsong & Clayton, P.C., Rolla, for respondent.

FLANIGAN, Judge.

Francis Hancock seeks to appeal from the order of the Probate Division of the Circuit Court of Pulaski County, authorizing the conservator of Ralph Hancock, a disabled person, to sell real estate of the protectee. Francis Hancock is a nephew of Ralph Hancock. For the reasons which follow, this court dismisses the appeal because Francis Hancock lacks standing to appeal.

"Appeals are favored and statutes granting appeals are liberally construed, but the right to appeal is purely statutory, and where the statute does not give such right it does not exist." *In re Moore's Estate*, 354 Mo. 240, 189 S.W.2d 229, 233[1] (1945). To similar effect see *Ruddy v. Labar's Estate*, 241 Mo.App. 98, 231 S.W.2d 833, 834[2, 3] (1950). The right to appeal is a jurisdictional question which may be raised at any time by the court itself. *In re Fusz' Estate*, 397 S.W.2d 595[1] (Mo.1966); *Crigler v. Frame*, 632 S.W.2d 94, 95[2] (Mo.App.1982). Standing "is a matter, in a sense, jurisdictional in limine and so within the notice of a court, even on appeal, for dismissal." *Hilton v. Crouch*, 627 S.W.2d 99, 101 (Mo.App.1982); *State ex rel. Schneider v. Stewart*, 575 S.W.2d 904, 909[7] (Mo.App.1978).

On September 19, 1991, the trial court, pursuant to a petition filed by the conservator, entered an order authorizing the conservator to sell certain real estate of the protectee. Appellant and his attorney appeared at the hearing on the petition and unsuccessfully opposed it. This appeal followed.

Section 472.160 [1] reads, in pertinent part:

"1. *Any interested person* aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases:

. . . . .

(6) On all orders for the sale of real estate." (Emphasis added.)

Section 472.010, as amended in 1986, reads, in pertinent part:

"When used in this code, unless otherwise apparent from the context:

. . . . .

(15) 'Interested persons' means heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered *and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee.* This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved." (Emphasis added.)

The emphasized portion was added to § 472.010(15) in 1986. Laws of Mo.1986, p. 1084 (S.B. 787). A "protectee," as applicable here, is a person for whose estate a conservator has been appointed. § 475.010(14).

In *Jacobsmeyer v. Cordes*, 700 S.W.2d 488 (Mo.App.1985), the court dealt with the pre–1986 version of § 472.010(15). There the daughter of a protectee sought to appeal from an order which denied her petition for the appointment of a conservator ad litem and authorized the conservator to sell protectee's shares of stock in a closely held company. The court of appeals dismissed the appeal for want of standing of the appellant. The court pointed out that standing to appeal required that appellant

1. All references to statutes are to RSMo 1986, V.A.M.S.

be an interested person aggrieved by a judgment, order or decree of the probate division of the circuit court in any of the cases enumerated in § 472.160. Referring to the pre–1986 version of § 472.010(15), the court said, at 490:

Decedent may be read as protectee under [§ 475.020]. As daughter of the protectee, appellant is not an interested person under the statute. She is neither a devisee, spouse, creditor, nor does she have a claim against the estate of the protectee. She also may not claim her right as an heir of the protectee as "no one is an heir to the living." *State ex rel. Goodloe v. Wurdeman,* 286 Mo. 153, 227 S.W. 64, 66 (1910). Further, appellant can not claim a property interest in the estate. The supreme court in *Goodloe* stated that whatever interest a child may have of the ward "is a purely sentimental and filial interest in the person of [the ward]. The language of the statutes precludes the idea that it was meant to include one having a sentimental interest only, in an estate." *Goodloe,* 227 S.W. at 67.

. . . . .

Appellant is not an interested person nor is she aggrieved by the decision of the trial court in a manner now protected by statute. A party must have a direct pecuniary interest in the result of litigation to have the right of appeal as aggrieved by the judgment. § 512.020, RSMo 1978. Appellant is nothing more than an apparent future heir and has no interest other than a mere expectancy in the protectee's estate.

Commenting on the 1986 amendment to § 472.010(15) and *Jacobsmeyer,* a recognized text has said:

The amendment to § 472.010(15) by adding the phrase "and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee" standing alone appears not to affect the result obtained in *Jacobsmeyer v. Cordes.* Pursuant to the reasoning in that case, since a living person can have no heir or devisee, such a person cannot be said to have a pecuniary interest in a living protectee's estate. Certainly, there could be no property right in an heir or devisee presumptive. The use of the word "claim" connotes a vested present property right and not an expectancy.

. . . . .

It is, furthermore, suggested that the amendment to § 472.010(15) did nothing more than to codify the existing appellate decisions requiring the existence of a pecuniary interest or property right in the protectee's estate before "interested person" status is attained giving an interested person standing to appeal by virtue of § 472.160.1.

5 Hanna–Borron, Missouri Practice, Probate Law and Practice § 561 (2d ed. 1988), pp. 707–708.

This court holds that appellant is not an interested person as that term is defined in § 472.010(15) and used in § 472.160.1. He does not fall within the language of the 1986 amendment to § 472.010(15) because: (1) he is not a child of the protectee, and (2) nothing in the record reflects that he may have a property right or claim against or an interest in the estate of the protectee. Reason (2) is alone sufficient to eliminate him as an interested person as defined in the pre–1986 version of § 472.010(15). For additional reasons, see *Jacobsmeyer.* In order to hold that appellant is an interested person within the meaning of § 472.010(15), this court would have to equate the language of the 1986 amendment with "and any relative of the protectee." That construction of the statute would be unsound. With respect to other matters, when the legislature intended to confer the right of appeal on any relative of the protectee, it has done so with plain language to that effect. See § 472.170.1.

Appeal dismissed.

MAUS and MONTGOMERY, JJ., concur.