Jack TIMMERMANN, Petitioner–
Respondent,

v.

Marie Therese TIMMERMANN,
Respondent–Respondent,

and

Audrey L. Seitrich, Goldie O. Durrer and
Frank M. Durrer, Intervenors–
Appellants.

No. 65922.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 24, 1995.

W. Scott Pollard, Florissant, for appellants.

Vanessa C. Antoniou, St. Louis, for Jack Timmermann, petitioner-respondent.

William E. Albrecht, St. Louis, for Marie Therese Timmermann, respondent-respondent.

WHITE, Judge.

This is an appeal from the trial court's denial of appellants' motion to intervene in a dissolution of marriage action. We affirm.

On December 17, 1990, Helen Morrow executed a beneficiary deed.[1] The deed conveyed, upon Helen Morrow's death, certain real property located in Hazelwood, Missouri to Jack Timmermann, his wife Marie Timmermann, Trinh Van Nguyen and Ann Thi Nguyen. Helen Morrow died on February 3, 1991. Jack Timmermann filed a dissolution of marriage action on March 9, 1993. In their respective statements of property, Jack Timmermann and Marie Timmermann listed as marital property an interest in the Hazelwood property.

Appellants, heirs of Helen Morrow, filed a will contest action challenging the last two wills of Helen Morrow. Appellants named the Timmermanns and Nguyens along with other parties as defendants. Appellants subsequently entered into a settlement agreement with Marie Timmermann and the Nguyens. Appellants agreed to limit Marie Timmermann's and the Nguyens' liability to their conveyance by quit claim deed of their interest in the Hazelwood property. As part of the agreement, appellants executed a "Covenant Not To Sue and Hold Harmless Agreement" which encompassed any claims arising from the last will of Helen Morrow and any of her transfers of property. Jack Timmermann was not a party to the settlement agreement. A hearing was subsequently held on appellants' will contest action and the trial court in its order asserted defendant, Jack Timmermann, remained in default. The court also held Helen Morrow died intestate.

After the court issued its order in the will contest action, appellants filed their motion to intervene in the Timmermanns' dissolution action. Along with this motion, appellants filed a petition for declaratory judgment. In this petition, appellants asked the court to determine the "true meaning and construction" of the quit claim deed executed by Marie Timmermann. The trial court denied appellants' motion to intervene and this appeal followed.

In their sole point on appeal, appellants argue the trial court erred in denying their motion because under Rule 52.12(a) they had a right to intervene. Rule 52.12(a) addresses intervention as of right and an order denying a motion to intervene pursuant to Rule 52.12(a) is appealable. *Ruth L. v. State*, 830 S.W.2d 528 (Mo.App.S.D.1992).

Rule 52.12(a) provides in part:

Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's inter-

---

1. Appellants included this and other documents at the end of their brief but not in the legal file. Materials attached to the brief which are not contained in the legal file are not part of the record on appeal and cannot be considered. *Snelling v. Chrysler Motors Corp.*, 859 S.W.2d 755, 757 n. 4 (Mo.App.E.D.1993). However, we have considered those facts asserted in appellants' brief and admitted in respondent's brief. *Thornbury v. Morris Oil Co.*, 846 S.W.2d 238, 239 n. 2 (Mo.App.S.D.1993).

est is adequately represented by existing parties.

A party seeking intervention as of right under Rule 52.12(a)(2) must, therefore, show three elements: (1) an interest relating to the property or transaction which is the subject of the action; (2) the applicant's ability to protect the interest is impaired or impeded; and (3) the existing parties are inadequately representing the applicant's interest. *In re Matter of Estate of Potashnick,* 841 S.W.2d 714, 719 (Mo.App.E.D.1992). The burden of proof in an intervention action is with the proposed intervenor. *Id.*

Appellants argue their ability to protect their interest in the Hazelwood property will be impaired if the trial court awards all of the Hazelwood property to Jack Timmermann. Because Jack Timmermann was not a party to the settlement agreement, appellants contend this would render their interest in the Hazelwood property a "nullity." However, any remedy against Jack Timmermann which may have been available to appellants prior to the commencement of the Timmermanns' dissolution action would still be available if Jack Timmermann is awarded part or all of the Hazelwood property. Appellants could have filed a quiet title action prior to the Timmermanns' dissolution action. The trial court's distribution of the Hazelwood property also would not, in and of itself, preclude a subsequent title action by appellants. Accordingly, appellants' ability to protect their interest in the property has not been impaired or impeded and they fail to satisfy the second necessary element to intervene as of right. We need not discuss the other elements because a motion to intervene may be denied if only one of the necessary elements is not satisfied. *Id.*

The trial court's judgment is affirmed.

SMITH, P.J., and CRANDALL, J., concur.