**Janice M. CORDES,**
**Plaintiff-Respondent,**

**v.**

**Robert W. CALDWELL, R.W. Jacobsmeyer, Jimmie Lea Caldwell, Francis J. Wagner, Jr. Conservators of the Estate of Melvin C. Caldwell, Defendants-Appellants.**

**No. 52088.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 5, 1987.

Motion for Rehearing and/or
Transfer Denied
June 9, 1987.

Application to Transfer Denied
July 14, 1987.

R.W. Jacobsmeyer, Clayton, for defendants-appellants.

John L. Sullivan, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

The conservators of the estate of Melvin Caldwell, an incompetent, appeal from an order directing that the protectee's daughter, Janice Cordes, be given notice of certain matters pertaining to the estate and an order appointing Cordes conservator ad litem pursuant to § 475.097(2), RSMo 1986, for the purpose of filing petitions to remove the conservators and to set aside the sale of protectee's stock. The appeals have

been consolidated. We have determined that the challenged orders are not appealable and accordingly dismiss conservators' appeals.

Protectee's estate has been the subject of previous litigation and the general background facts are set forth in *Jacobsmeyer v. Cordes,* 700 S.W.2d 488 (Mo.App.1985). In *Jacobsmeyer* we held that Cordes did not have standing to appeal an order denying her petition to be appointed conservator ad litem because she "is nothing more than an apparent future heir and has no interest other than a mere expectancy in the protectee's estate." *Id.* at 490. Subsequent to our decision in that case the legislature enacted Senate Bill 787 which amended §§ 472.010 and 475.097, RSMo Cum.Supp. 1984, and §§ 473.097 and 473.117, RSMo Supp.1985.

Section 472.010(15) provides:

(15) "Interested persons" mean heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered *and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee.* This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved;

(emphasis added). The emphasized portion represents the language added by the 1986 amendment.

Section 475.097(2) states:

2. In addition to the provisions of the rules of civil procedure relating to parties, if it is suggested *in a petition filed by the protectee, creditor or other interested person, including a person interested in expectancy, reversion or otherwise,* or if it affirmatively appears to the court that there is a possible conflict of interest between the ward or protectee and his guardian or conservator, the court may appoint a guardian or conservator ad litem to represent the ward or protectee in any proceeding to adjudicate the rights of the parties. The guardian or conservator ad litem shall have only such authority as is provided in the order of appointment and shall serve until discharged by the court.

(emphasis added). The emphasized language was inserted by the 1986 amendment.

On June 3, 1986, the effective date of the amendments contained in Senate Bill 787, Cordes requested that she be given notice of hearings on matters involving her father's estate, citing the new definition of "interested persons." The court ordered that she be given special notice of hearings "pursuant to Section 473.030, RSMo as amended by Senate Bill No. 787 ..."

On July 25, 1986, Cordes filed a petition for appointment as Conservator Ad Litem alleging:

(1) That she is a daughter of the Protectee.

(2) That pursuant to Section 472.010(15), RSMo Cum.Supp.1984, as amended by Senate Bill 787, 83rd General Assembly, effective June 3, 1986, by virtue of the emergency clause therein, she is an interested party in the Protectee's estate.

(3) That this petition is filed pursuant to Section 475.097, RSMo Cum.Supp. 1984, as amended by Senate Bill 787, 83rd General Assembly, effective June 3, 1986, to effectuate the filing of the lodged petitions to remove the conservators and to set aside the sale of Protectee's stock.

(4) That the appointment is requested to have a duration effective with the date of appointment through any final judgment relating to the removal of the conservators and the validity of the sale.

WHEREFORE, the premises being considered, the petitioner prays for an order of the Court appointing her Conservator Ad Litem in the matter of the petition to remove the conservators and the petition to set aside the sale of the Protectee's stock with the duration of the appointment to continue until final judgment is entered in both such matters.

Filed simultaneously with that petition were petitions to "remove conservators" and "to set aside the sale of stock."

On August 21, 1986, the court entered the following order:

Petition for Appointment as Conservator Ad Litem of Janice Cordes sustained upon presentation and oral argument of counsel. Janice Cordes appointed Conservator Ad Litem pursuant to 475.097(2) for purpose of filing Petition to Remove Conservators and Petition to Set Aside Sale of Stock to serve until final judgments are entered in these respective causes. Conservators' authority is in no manner suspended during the pendency of these two actions pursuant to § 475.097(1). Motion to Strike Petition of Janice M. Cordes for appointment as Conservator Ad Litem denied.

Conservators attempt to appeal both the order granting Cordes notice pursuant to § 473.030, RSMo 1986, and the order appointing her conservator ad litem pursuant to § 475.097(2). They contend, *inter alia*, she was not a "person interested in the estate" for purposes of § 473.030 and that the order appointing her conservator ad litem was improper. We need not reach the merits of conservators' arguments because neither order is appealable.

Section 473.030 provides:

Request for special notice of hearings. —At any time after the issuance of letters, any person interested in the estate, in person or by attorney, may serve upon the executor or administrator, or upon his attorney, and file with the clerk of the court where the proceedings are pending, with a written acknowledgment of or proof of service, a written request, stating that he desires written notice by ordinary mail of the time and place of all hearings on the settlement of accounts, on final distribution, and on any other matters for which any notice is required by law, by rule of court or by an order in the particular case. The applicant for notice shall include in his written request his post-office address or that of his attorney. Unless the court otherwise directs, upon filing the request the clerk shall give the applicant notice of all hearings for which any notice is required as aforesaid, or of such of those hearings as he designates in his request.

Section 472.160, RSMo 1986, authorizes appeals from a judgment of the probate division in thirteen enumerated instances and "in all other cases where there is a final order or judgment...." While § 472.160 makes some orders appealable which are in a sense interlocutory, it is well established that as to any specific proceeding, the rights of the parties must be fully adjudicated and all issues fully disposed of or the order is not appealable. *In re Estate of Ritter*, 510 S.W.2d 188, 189 (Mo. App.1974).

■■■ Orders granting special notice of hearings are not among those specifically designated appealable. Nor is such an order appealable as a "final judgment." Special notice under § 473.030 is simply notice granted to those persons "interested in the estate" who request it. In addition, we believe probate courts have the inherent power to require that notice of proceedings involving a protectee's estate be given to the protectee's spouse, children, and others who might be interested in the protectee's welfare or are potential heirs.[1] However, whether premised upon § 473.030 or the court's inherent power, the order requiring notice did not resolve any substantive issue between the parties or grant Cordes standing to take or oppose any action. Thus we do not believe the order constitutes a final judgment.[2]

■■■ An order appointing a conservator ad litem is also not among those designated

---

**1.** We note that § 472.100(1), RSMo 1986, provides:

No notice to interested persons need be given except as specifically provided for in this code or as ordered by the court. *When no notice is required by this code, the court may require such notice as it deems desirable by a general rule or by an order in a particular case.*

(emphasis added). Although this section does not specifically address special notice under § 473.030 it is indicative of the latitude granted the probate court on questions of notice.

**2.** We need not reach, and do not decide, the question of whether a person "interested in the estate" may appeal the denial of special notice.

as appealable in § 472.160, and in the context of this case the order appointing Cordes was not a final judgment. The order specifically stated that conservators' power was not suspended. It authorized Cordes to do nothing more than file the petition to set aside the sale of the stock and the petition to remove the conservators. No decision was made on the merits of either petition. Furthermore, after final judgment is rendered on the merits of those petitions the conservators will have an opportunity to address the question of Cordes's standing should they choose to appeal.[3]

Neither order fully adjudicates the rights of the parties or disposes of all substantive issues. The appeals are dismissed.

SMITH, P.J., and DOWD, J., concur.

---

3. However, it appears to us that Cordes has at least an expectancy interest in her father's estate, which is sufficient to give her standing to suggest a conflict of interest under § 475.097(2) as amended. We also note that "adult children" of the protectee are among those persons to be considered by the court "before appointing any other person" conservator. § 475.050; *In the Matter of Weissinger*, 720 S.W.2d 430, 433–34 (Mo.App.1986).