In re ESTATE OF Melvin C. CALDWELL.

Janice M. CORDES, Appellant,

v.

Robert W. CALDWELL, Francis J. Wagner, Jr., R.W. Jacobsmeyer, and Jimmie Lea Caldwell, Conservators of the Estate of Melvin C. Caldwell,

and

Reed Holdings, Inc., and Reed Trading, Inc., Respondents.

No. 54609.

Missouri Court of Appeals, Eastern District, Division Two.

March 7, 1989.

Leonard J. Frankel, Edward M. Roth, John L. Sullivan, St. Louis, for appellant.

R.W. Jacobsmeyer, Clayton, William R. Bay, Paul J. Puricelli, St. Louis, for respondents.

GRIMM, Presiding Judge.

In this probate case, appellant Janice M. Cordes, as conservator ad litem, filed an amended petition to set aside a sale of the protectee's stock. Co-conservators responded with a summary judgment motion, which was sustained. Two other respondents, however, had not yet filed responsive pleadings, and therefore were not before the trial court. We have determined that under Rule 74.01(b)[1] the order is not appealable. Accordingly, we dismiss Cordes's appeal.

The sale of protectee's stock was authorized following an evidentiary hearing on February 22, 1985. Immediately prior to that hearing, Cordes sought to be appointed conservator ad litem. Her request was

denied. The trial court, however, allowed her attorney to cross-examine co-conservators' witnesses and to present witnesses. Cordes appealed; we dismissed the appeal for lack of standing. *Jacobsmeyer v. Cordes*, 700 S.W.2d 488 (Mo.App.E.D.1985).

In 1986, the General Assembly amended §§ 472.010(15) and 475.097.2, RSMo, effective June 3, 1986. Cordes again sought to be appointed conservator ad litem for the purpose of, among other things, filing a petition to set aside the sale of protectee's stock. On August 21, 1986, she was appointed conservator ad litem. Co-conservators appealed that order. Finding that the order was not appealable, we dismissed the appeal. *Cordes v. Caldwell*, 731 S.W.2d 463 (Mo.App.E.D.1987).

Cordes's original petition named co-conservators and Reed Holdings, Inc., as respondents. The record does not disclose that Reed was served, or that Reed filed any responsive pleading.

The co-conservators filed a motion for summary judgment. Before that summary judgment motion was ruled, Cordes sought, and was granted, leave to file an amended petition. This amended petition, filed February 16, 1988, named co-conservators, as well as Reed Holdings, Inc., and Reed Trading, Inc., as respondents. On February 19, co-conservators filed a motion for summary judgment with an affidavit attached. Cordes responded on February 26 with an affidavit.

Summons was served on Reed Holdings, Inc., on February 23, 1988; the record is silent as to service on Reed Trading, Inc. On March 9, 1988, however, attorneys representing both Reed companies entered their appearances and were granted until "April 25, 1988 to answer or otherwise respond to [Cordes's] Amended Petition."

Also on March 9, 1988, the trial court entered an order stating *"Co–Conservator's* motion for summary judgment [on Cordes's first amended petition] ... having been argued and briefed, and the Court having considered the *same*, herewith sus-

1. Former Rule 74 was repealed and a new Rule 74 was adopted, effective January 1, 1988. All references to Rule 74 pertain to the new rule.

tains *said* motion for summary judgment." (Emphasis added). This order was directed solely to co-conservators' summary judgment motion; that motion's prayer asked only "that the Court grant *their* Motion." (Emphasis added).

We acknowledge that the trial court's order also says "Petition dismissed with prejudice." That statement, however, must be read in its context. The summary judgment and dismissal of the petition pertained only to the co-conservators. They could not pertain to the Reed companies, which were not yet before the court.

Prior to new Rule 74, when a court entered judgment as to some, but not all parties, it was often unclear whether the judgment should be treated as final for purposes of appeal. Comment, *Problems of Finality of Judgments for Purposes of Appeal in Missouri*, 44 Mo.L.Rev. 727 (1979). However, as Professor Nanette K. Laughrey says in her excellent article discussing Rule 74, this uncertainty has been laid to rest and there is now "the bright line test of new Rule 74.01(b)." Laughrey, *Judgments—The New Missouri Rule*, 44 J.Mo.B. 11 (1988).

Rule 74.01(b) provides that "when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay. In the absence of such determination, any order ..., however designated,* that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims or parties,* and the order ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added).

Here, as noted, the trial court entered an order granting summary judgment only on behalf of the co-conservators. No disposition of Cordes's claims against the two Reed companies, by summary judgment or otherwise, was made. Since multiple parties are involved, the trial court could enter final judgment for the co-conservators,

without ruling Cordes's claims against the Reed companies, "only upon an express determination that there is no just reason for delay." *Id.* No such express determination appears in the record. As a result, the order granting summary judgment in favor of the co-conservators "is subject to revision at any time before the entry of judgment adjudicating ... the rights and liabilities" of the Reed companies. *Id.*

Rule 54(b) of the Federal Rules of Civil Procedure is the source and virtual equivalent of Rule 74.01(b). Laughrey, *supra,* at 12. Federal decisions construing Rule 54(b) are persuasive in applying Rule 74.-01(b). *See Elliott v. Harris,* 423 S.W.2d 831, 835 (Mo. banc 1968).

One of the purposes of Federal Rule 54(b), and now Rule 74.01(b), is to eliminate any doubt whether an appeal may be sought. Unless there is "an express determination that there is no just reason for delay," the order does not become final for appeal purposes until entry of judgment adjudicating all the claims, rights, and liabilities of all the parties. *Perington Wholesale, Inc. v. Burger King Corp.,* 631 F.2d 1369, 1371 (10th Cir.1979). *See also* 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.28[2] (2d ed. 1988). In the absence of an express determination, "the appeal must be dismissed even though the parties do not object to the lack of" such a determination. 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2660 (p. 120–121) (1983).

The requirement of an "express determination" is not a mere formality. It requires the trial court "to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present." *Panichella v. Pennsylvania Railroad Company,* 252 F.2d 452, 455 (3d Cir.1958). An express determination order should not be entered routinely, or as a courtesy or accommodation to counsel. *Id.* Rather, numerous factors should be considered before making this determination. For a general discussion of some factors to be considered, see 10 Federal Practice and

Procedure, *supra*, § 2659 (p. 100–114), and Moore's, *supra*, ¶ 54.41[3].

For the reasons stated, the order granting co-conservators' motion for summary judgment is interlocutory[2] and thus is not final for appeal purposes. We, therefore, do not reach the merits of Cordes's appeal. The appeal is dismissed.

KAROHL and GARY M. GAERTNER, JJ., concur.

---

**2.** "Absent a certification under [Federal] Rule 54(b) any order in a multiple-party or multiple-claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory." 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2654 (p. 38) (1983).