**William A. RATTEREE,
Plaintiff–Respondent,**

v.

**TONY RUZZO CONSTRUCTION, INC.,
et al., Defendants–Appellants.**

No. 55555.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 25, 1989.

Robert L. Meyer, St. Louis, for plaintiff-respondent.

Ted Frank Frapolli, Kroening, Mertz & Frapolli, St. Louis, for defendants-appellants.

SIMON, Chief Judge.

Appellant, Boling Concrete Construction Co., Inc. (Boling), appeals from the trial court's order dismissing certain parties and certain counts of its three count petition and cross-claim. We dismiss.

At the outset, we note the record on appeal is very shallow and a clear understanding of the proceeding is not possible. The record does indicate that this appeal originates from a petition filed on May 20, 1987, by William A. Ratteree (Ratteree) against certain parties. This original petition is not a part of the record. However, it can be gleaned from the record that the cause involves a mechanic's lien for work and material furnished to a structure located at 9101 West Florissant Avenue, in Ferguson, Missouri.

On August 21, 1987, Boling, after being granted permission to intervene, filed its three count petition and cross-claim against Ratteree, Tony Ruzzo Construction Co. (Ruzzo Construction), Tony Ruzzo, individually (Ruzzo), and G & W Masonry (G & W). Count I is directed to Ratteree, Ruzzo Construction and G & W. Count II is directed to Ruzzo Construction. Count III is directed to Ratteree.

The trial court's minutes (minutes) reflect that on September 19, 1987, Boling filed a motion to add necessary parties.

This motion was granted and Adolph Investment Co. (Adolph), Mark Twain Northland Bank (Mark Twain), The Southland Co. (Southland), Anna Investment Inc. (Anna) and Terry Moore Electric Co. (Moore Electric) were added as additional parties. The record does not reflect which counts of Boling's petition and cross-claim are directed to these additional parties. The minutes reflect that Moore Electric, as an intervenor, filed a petition and that Southland, Anna and Adolph filed a consolidated motion to dismiss and strike, however, these are not a part of the record. Ratteree also filed a motion to dismiss Counts I, II and III of Boling's petition and cross-claim. Other cross-claims and answers are mentioned in the minutes, however, based on the record here, it is impossible to determine who filed these pleadings or to whom they are directed.

On September 2, 1988, the trial court entered its order concerning Boling's petition and cross-claim: (1) sustaining Ratteree's, Adolph's, Anna's and Southland's motions to dismiss Count I for failure to plead a just and true account; (2) overruling Adolph's, Anna's and Southland's consolidated motion to dismiss Count II and Count III "for the reason that those counts are not directed to those defendants"; (3) overruling Ratteree's motion to dismiss Count II "for the reason that Count II is not directed to William A. Ratteree"; (4) sustaining Ratteree's motion to dismiss Count III for failure to state a cause of action; (5) deeming moot Ratteree's, Adolph's, Anna's and Southland's motions to strike as parties; (6) dismissing Count I as to Ratteree, Adolph, Anna and Southland; (7) dismissing Count III as to Ratteree; and finally, (8) granting Boling until September 27, 1988, to file an amended Count III.

On September 15, 1988, the minutes reflect Boling motioned for rehearing of plaintiff's motion to dismiss or, in the alternative, to amend its petition and cross-claim. Thereafter on September 26, 1988, the trial court denied Boling's motion for rehearing of plaintiff's motion to dismiss or, in the alternative, to amend its petition and cross-claim and designated its order as final for purposes of appeal. The minutes

further reflect that on October 5, 1988, Boling, by leave of court, filed an amended Count III of its petition and cross-claim, however, this is not a part of the record and the minutes do not indicate to whom the amended Count III is directed.

On October 7, 1988, several motions were filed by Adolph, Southland and Anna directed to the cross-claim of G & W and the petition of Moore Electric, however, there is no indication as to their disposition. Also, on October 7, 1988, Boling filed its notice of appeal.

The trial court's orders of September 2, 1988, and September 29, 1988, do not address certain cross-claims and parties, in particular: Ruzzo Construction; Ruzzo; G & W; Mark Twain; and, Moore Electric. Further, the record does not indicate the present status of the original petition. Clearly a decision as to all parties and counts has not been made as required by Missouri Supreme Court Rule 74.01(b).

Rule 74.01(b) provides that "when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In absence of such determination, any order ..., however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *In re Estate of Caldwell,* 766 S.W.2d 464, 466 (Mo.App. 1989).

The record clearly indicates that the trial court failed to make the necessary determination. Therefore, the judgment is not final for purposes of appeal.

Appeal dismissed.

DOWD, P.J., and HAMILTON, J., concur.