**Neal HOLLOWAY, d/b/a Holloway
Lumber Company, Plaintiff–
Appellant,**

v.

**Gary TURNER and Shelba L. Turner, husband and wife, Bud Snyder, substitute Trustee, Bank of Piedmont, a corporation, Robert M. Ramshur, Trustee,**

**Gwen Wallis, Trustee, and Lucy Lee Hospital, Inc., a corporation, Defendants–Respondents.**

No. 16196.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 1990.

Robert M. Ramshur, Ramshur and Go-Forth, P.C., Piedmont, for defendants-respondents.

Donald R. Rhodes, Bloomfield, for plaintiff-appellant.

MAUS, Judge.

The plaintiff-appellant Neal Holloway, as an original contractor, seeks to establish a mechanic's lien for materials supplied for the construction of a barn. The defendants-respondents Gary Turner and Shelba L. Turner, are the owners of the described real property. The defendant-respondent Bud Snyder is a substitute Trustee in a first deed of trust under which defendant-respondent Bank of Piedmont is beneficiary. Defendant-respondent Robert M. Ramshur is Trustee in a second deed of trust under which defendant-respondent Bank of Piedmont is beneficiary. Defendant-respondent Gwen Wallis is Trustee in a third deed of trust under which defendant-respondent Lucy Lee Hospital, Inc., is beneficiary. Bank of Piedmont and Robert M. Ramshur, trustee, filed a motion to dismiss "the above cause for the reason that same fails to state a claim...." In its judgment, the trial court found the issues "in Defendant, Bank of Piedmont's, Motion to Dismiss in favor of Defendant, Bank of Piedmont...." It ordered and adjudged that with the respect to the described real property, and "regarding the Defendant, Bank of Piedmont, that Plaintiff's cause of action is dismissed." The plaintiff appeals.

The plaintiff-appellant's brief is couched in terms of fact as if there had been an evidentiary hearing. Many of those facts do not appear in the petition or in any responsive pleading.

By their brief, the respondents first argue the action of the trial court was proper because the petition did not state a cause of action. The respondents then contend the trial court looked to the pleadings (none of which were verified) and treated the motion as a motion for summary judgment under Rule 55.27(a). There is nothing in the record to establish that the trial court could or did treat a motion for judgment on the pleadings as a motion for summary judgment as provided in Rule 55.27(b). However, it is not necessary to determine the merits of a summary judgment based on facts not appearing in unverified pleadings.

By his petition, the plaintiff prayed "Judgment against Defendants" for $3,816.01 and that the judgment be enforced as a special lien upon the real estate and improvements.

The trial court expressly based its judgment upon the issues raised in the motion to dismiss of the Bank of Piedmont. The court did not consider any of the other

party defendants in regard to its decision to dismiss.

"One of the purposes of Federal Rule 54(b), and now Rule 74.01(b), is to eliminate any doubt whether an appeal may be sought. Unless there is 'an express determination that there is no just reason for delay,' the order does not become final for appeal purposes until entry of judgment adjudicating all the claims, rights, and liabilities of all the parties. *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir.1979). See also 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice Para. 54.28[2] (2d ed. 1988). In the absence of an express determination, 'the appeal must be dismissed even though the parties do not object to the lack of' such a determination." *In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo.App. 1989).

It is obvious the trial court adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties...." Rule 74.01(b). The trial court did not make the "express determination" required by that Rule. The appeal is dismissed.

FLANIGAN, P.J., and PREWITT, J., concur.