Bernadine BENDA, by Judith M. REYNOLDS, her Guardian, Appellant,

v.

MISSOURI DEPARTMENT OF MENTAL HEALTH, et al., Respondents.

No. 57017.

Missouri Court of Appeals, Eastern District, Division Three.

March 27, 1990.

Dale F. Myers, St. Louis, for appellant.

William L. Webster, Atty. Gen., Mary Stewart Tansey, Lee B. Vardell, Asst. Attys. Gen., Jefferson City, for respondents.

GRIMM, Judge.

Plaintiff's petition alleges that, while she was a patient at St. Louis State Hospital, she sustained injuries when she was "severely beaten and injured by another patient." The defendants include the Missouri Department of Mental Health (DMH),

St. Louis State Hospital, and the hospital's former superintendent, Milton T. Fujita. Also named as defendants are William Ebersol (the patient who allegedly injured plaintiff) and "Does 1 through 50 inclusive."

Count I of her petition is titled "Dangerous Condition of Public Property." It names DMH, hospital, Fujita, as well as "Does 1 through 5," as defendants. Count II, titled "Medical Negligence," names hospital and "Does 6 through 25" as defendants. Count III, titled "Negligence," names DMH, hospital, Fujita, as well as "Does 1 through 50," as defendants. Count IV, titled "Infliction of Emotional Distress," names DMH, hospital, Fujita, as well as "Does 1 through 50," as defendants. Count V, titled "Assault and Battery," names only Ebersol as a defendant.

On behalf of DMH, hospital, and Fujita, a motion to dismiss Counts I, II, III, and IV was filed. The legal file furnished us does not contain any pleadings filed on behalf of Ebersol or the "50 Does."

The trial court took up, and sustained, the motion to dismiss. The effect of its order was to dismiss those three defendants from the four counts. Nothing in the legal file furnished us, however, reflects any disposition of Count V against Ebersol, or the four claims against the "Does."

Rule 74.01(b) controls the disposition of this appeal. It provides that when more than one claim for relief is presented or when multiple parties are involved, "the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

No such express determination appears in the record. Without such a determination, "the order does not become final for appeal purposes until entry of judgment adjudicating all the claims, rights, and liabilities of all the parties." *In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo.App.E.D.1989). "In the absence of an express determination, 'the appeal must be dismissed even though the parties do not object to the lack of' such a determination."

*Id.* (quoting 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2660 (p. 120–121) (1983)).

The order granting the motion to dismiss Counts I, II, III, and IV of DMH, hospital, and Fujita is interlocutory and thus is not final for appeal purposes. We, therefore, do not reach the merits of plaintiff's appeal. The appeal is dismissed.

SATZ, P.J., and SMITH, J., concur.