Robert POPE, Appellant,

v.

STATE of Missouri, Respondent.

No. 58234.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 4, 1990.

---

Phillip Kent Gebhardt, St. Louis, for appellant.

Jack R. Charter, St. Louis, Robert Spencer Moss, Clayton, for respondent.

GRIMM, Judge.

Robert Pope appeals the dismissal of his action grounded in fraud arising out of an earlier paternity action. We have determined that under Rule 74.01(b) the order is not appealable. Accordingly, we dismiss the appeal.

On June 2, 1988, plaintiff filed suit claiming he was fraudulently induced to sign a stipulation for judgment in a previous action declaring he was the father of three children. Plaintiff filed first and second amended petitions. Following these amendments, the defendants are the State of Missouri, the natural mother, and the three children. A guardian ad litem/attorney was appointed for the children.

On October 19, 1989, the State filed a motion to dismiss. On March 12, 1990, the trial court sustained *"that* motion to dismiss with prejudice at plaintiff's cost." (emphasis added). As indicated, the trial court's order was directed solely to the State's motion. There is nothing in the record before us indicating either natural mother or the children had a motion to dismiss pending when the trial court decided the State's motion.

Nor does this record disclose any disposition of plaintiff's claims against the natural mother or the three children. The trial court did not make "an express determination that there is no just reason for delay." Rule 74.01(b). As a result, the order sustaining the motion to dismiss "is subject to revision at any time before the entry of judgment adjudicating ... the rights and liabilities" of the natural mother and the children. *Id; In re Estate of Caldwell,* 766 S.W.2d 464, 466 (Mo.App.E.D.1989).

The order granting the State's motion to dismiss is interlocutory, and thus, is not final for appeal purposes. *Id.* at 467. We, therefore, do not reach the merits of the appeal. The appeal is dismissed.

PUDLOWSKI, P.J., and KAROHL, J., concur.