**SOUTHWESTERN BELL MEDIA, INC., Respondent,**

v.

**Henry W. CUMMINGS, Appellant.**

**No. 58007.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 26, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 1991.

Application to Transfer Denied March 5, 1991.

Henry W. Cummings, St. Charles, pro se.

Morton W. Newman, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Henry Cummings, appeals an order of the Associate Division of the Circuit Court for St. Charles County denying his motion for summary judgment and dismissing his counterclaim against respondent, Southwestern Bell Media, Inc. We dismiss the appeal.

On March 25, 1989, respondent filed suit in the Associate Division of the Circuit

Court for St. Charles County alleging that appellant had purchased in excess of $2,000.00 in advertising in respondent's yellow pages but had failed to pay the cost of the advertising. Appellant answered and filed a counterclaim against respondent alleging that respondent denied appellant advertising in respondent's yellow pages in 1987 and 1988 and that this action was in violation of Federal Antitrust laws. Appellant also, at this time, filed a motion for summary judgment on respondent's claims. Six months later, on January 30, 1990, appellant was granted leave to file an amended counterclaim which added a claim that respondent was in violation of State Antitrust laws as well as Federal Antitrust laws.

■ On February 8, 1990, respondent filed its answer to appellant's counterclaims and filed a motion to dismiss appellant's counterclaims. The court heard the motion for summary judgment and the motion to dismiss on February 9, 1990. The court denied appellant's motion for summary judgment and granted respondent's motion to dismiss appellant's counterclaims. The court then stated "This ruling is a final order for purposes of appeal." The order does not, however, make a determination that there is no just reason for delay.

■ Rule 74.01(b) provides that when more than one claim for relief is presented or when multiple parties are involved, "the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an *express* determination that there is no just reason for delay." (emphasis added). Absent such a determination, the order does not become final for purposes of appeal until entry of judgment adjudicating all of the claims, rights, and liabilities of the parties has been made. *In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo.App., E.D.1989); *Benda by Reynolds v. Missouri Department of Mental Health*, 786 S.W.2d 612, 613 (Mo.App., E.D.1990).

In the present case, the claim filed by respondent for its advertising fees is still pending. Lacking an express finding of no just reason for delay, "[t]he appeal must be dismissed even though the parties do not object to the lack of such a determination." *Id.* (quoting 10 C. *Wright*, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE, § 2660 (pp. 120–121) (1983)).

Dismissed.

CRIST and SIMON, JJ., concur.