**Charles OLDHAM, Plaintiff/Appellant,**

v.

**MIDWEST PARTS AND EQUIPMENT COMPANY, a Corporation, and Keith Walker, Defendants/Respondents.**

No. 66371.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 31, 1995.

Stephen R. Wigginton, Belleville, IL, for appellant.

Daniel T. Rabbitt, Michael J. Lach, Matthew J. Sauter, St. Louis, for respondents.

GRIMM, Chief Judge.

In his original and first amended petitions, plaintiff sued defendant Midwest Parts for negligence. On March 16, 1994, Midwest Parts filed a motion to dismiss for lack of subject matter jurisdiction. Midwest Parts claimed plaintiff was its statutory employee.

While that motion was pending, plaintiff sought leave to file a second amended petition. Leave was granted on May 10, 1994, and a copy of the amended petition was filed and mailed to Midwest Parts' attorney that day.

The second amended petition contained two counts and added Keith Walker as a defendant. Count I is directed to Midwest Parts; Count II to Keith Walker.

On May 19, nine days after the second amended petition was filed, Midwest Parts' motion to dismiss for lack of subject matter jurisdiction was taken up. The trial court sustained that motion.

The trial court was not asked to take any action on plaintiff's claim against Keith Walker, and none was taken. Rather, plaintiff filed this appeal. We dismiss for lack of an appealable order.

Rule 74.01(b) pertains to judgments involving multiple claims or multiple parties.

Where multiple parties and claims are involved, the trial court could enter final judgment for Midwest Parts without ruling plaintiff's claim against Keith Walker "only upon an express determination that there is no just reason for delay." Rule 74.01(b). No such express determination appears in the record.

Absent a certification, the order granting Midwest Parts' motion is interlocutory and thus is not final for appeal purposes. *See In re Estate of Caldwell,* 766 S.W.2d 464, 467 (Mo.App.E.D.1989). We, therefore, do not reach the merits of plaintiff's appeal.

The appeal is dismissed.

CARL R. GAERTNER and WHITE, JJ., concur.