**ZIMMER RADIO OF MID–MISSOURI, INC., Plaintiff/Appellant,**

v.

**LAKE BROADCASTING, INC., Kenneth W. Kuenzie, Michael S. Rice, and Jeffrey Weinhaus, Defendants/Respondents.**

No. 69639.

Missouri Court of Appeals, Eastern District, Division Three.

June 28, 1996.

Craig A. Smith, Suelthaus & Walsh, P.C., Clayton, for appellant.

David Wells, Daniel Cox, Thompson Coburn, St. Louis, for respondents.

GARY M. GAERTNER, Judge.

Plaintiff/appellant, Zimmer Radio of Mid–Missouri ("Zimmer"), appeals the judgment of St. Louis County Circuit Court finding its action for tortious interference with business expectancies preempted by federal law. We dismiss the appeal.

On February 18, 1994, Zimmer filed a four-count petition alleging a claim of tortious interference with business expectancies against each of the respondents: Lake Broadcasting, Inc. ("Lake"), Kenneth W. Kuenzie, Michael S. Rice, and Jeffrey Weinhaus. Kuenzie attempted to remove the cause to federal district court but failed, and cause was remanded to state court. On August 10, 1995, three of the four defendants—Lake, Rice, and Kuenzie—filed a motion to dismiss Zimmer's petition, alleging as one of their grounds the preemption of Zimmer's state law tort claims. Weinhaus was not named in the motion.

On December 5, 1995, the trial court issued a "Judgement and Order" in which it noted, "This cause has been submitted to the court, after argument, on the Defendants [sic] motion to dismiss." The court found Zimmer's cause of action preempted, and ruled, "It is therefore the judgement and order of the court that the cause herein should be dismissed." Zimmer filed its appeal. Only Lake, Kuenzie and Rice have filed a brief in response; a footnote to their brief states, "Appellant erroneously includes Jeffrey Weinhaus as a Respondent in this appeal.

Weinhaus was not a party to Respondents' Motion to Dismiss...."

■ Although not an issue raised by the respondents, we note "finality of a judgment is a prerequisite to our jurisdiction and, as such, we are obliged to question the trial court's authority sua sponte." *Quiktrip Corp. v. City of St. Louis,* 801 S.W.2d 706, 710 (Mo.App.E.D.1990). In tort actions involving more than one claim for relief or involving multiple parties, Rule 74.01(b) permits entry of judgment as to one or more but fewer than all the claims or parties only upon an express determination there is no just reason for delay. *Benda by Reynolds v. Missouri Department of Mental Health,* 786 S.W.2d 612, 613 (Mo.App.E.D.1990). An order dismissing claims against fewer than all the defendants is not final or appealable absent such an express determination. *Id.* This is so even if the parties do not object to the lack of such a determination. *Id.*

The judgment appealed here was rendered upon Lake's, Kuenzie's, and Rice's motion to dismiss; Weinhaus was not named in the motion. The record does not indicate Weinhaus was ever dismissed from the case. Nothing in the record before us reflects the disposition of Zimmer's claim against Weinhaus. The trial court did not expressly determine there was no just reason for delay of entry of final judgment. Therefore, the judgment below is not yet a final appealable judgment. Zimmer's appeal is accordingly dismissed.

GERALD M. SMITH, P.J., and RHODES RUSSELL, J., concur.