**CULLIGAN INTERNATIONAL COMPANY, Plaintiff–Appellant,**

v.

**H & S WATER ENTERPRISES, INC., Defendant–Respondent.**

**No. 21540.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 18, 1997.

Carson W. Elliff, JoAnne Spears Jackson, Yates, Mauck, Bohrer, Elliff, Croessmann & Wieland, P.C., Springfield, for Plaintiff–Appellant.

David N. Damick, Gregory K. Allsberry, Susman, Schermer, Rimmel & Shifrin, L.L.C., St. Louis, for Defendant–Respondent.

PER CURIAM.

Culligan International Company (Plaintiff) appeals from a judgment favorable to H & S Water Enterprises, Inc. (Defendant) on its counterclaim and from the denial of Plaintiff's motion for directed verdict on Count I of its petition. We dismiss the appeal for lack of jurisdiction.

This dispute arose after the parties entered into a franchise agreement which authorized Defendant to sell and service certain water conditioning equipment manufactured and distributed by Plaintiff. When Defendant allegedly failed to pay certain indebtedness, Plaintiff terminated the franchise agreement and filed suit against Defendant.

Specifically, Plaintiff filed a petition seeking recovery for certain indebtedness owed by Plaintiff (Count I), replevin of water conditioning equipment (Count II), and breach of an indemnification agreement (Count III). On the first day of trial, Plaintiff voluntarily dismissed Count III of its petition without prejudice.

Defendant filed an amended counterclaim seeking recovery for Plaintiff's breach of duty of good faith and fair dealing (Count I), tortious interference with a business expectancy (Count II), wrongful replevin (Count III), wrongful termination of franchise agreement (Count IV), and punitive damages (Count V).

The trial court submitted the case to the jury after denying Plaintiff's motion for directed verdict on Count I of its petition. On Plaintiff's petition, the jury found for Defendant on Count I and found for Plaintiff on Count II. On Defendant's counterclaim, the

jury found for Defendant on Count II, its tortious interference claim, and awarded actual damages of $73,863.25 but awarded no punitive damages on Count V.

The trial court's judgment mirrored the jury's verdict as recited above. Apparently mindful that the judgment did not dispose of Counts I, III, and IV of Defendant's counterclaim, the trial court completed its judgment with this paragraph:

> 6. This judgment is hereby designated as a final judgment for purposes of appeal within the meaning of Rule 74.01.

■ While neither party raised the issue of appellate jurisdiction, it is our duty to do so, *sua sponte*. *Wilson v. Mercantile Bank of Springfield*, 791 S.W.2d 497, 500 (Mo.App.1990). This court only has jurisdiction over final judgments. *Id.* Generally, a final and appealable judgment disposes of all issues and all parties in the case leaving nothing for future determination. *Bay's Texaco Serv. and Supply Co. v. Mayfield*, 792 S.W.2d 50, 51 (Mo.App.1990). If a trial court designates a judgment that adjudicates fewer than all the claims or disposes of fewer than all the parties as final for the purposes of appeal, the trial court must also make "an express determination that there is no just reason for delay." Rule 74.01(b).[1] "Absent such a determination and designation, the judgment is not final and an appellate court is without jurisdiction." *Beelman River Terminals, Inc. v. Mercantile Bank, N.A.*, 880 S.W.2d 902, 903 (Mo.App.1993).

Here, the judgment fails to mention or dispose of the claims in Counts I, III, and IV of Defendant's counterclaim. In addition, the judgment, although attempting to comply with Rule 74.01(b), does not contain an "express determination that there is no just reason for delay."

In *Southwestern Bell Media, Inc. v. Cummings*, 803 S.W.2d 128 (Mo.App.1990), the trial court denied appellant's motion for summary judgment and granted respondent's motion to dismiss appellant's counterclaims. The court then stated that "[t]his ruling is a final order for purposes of appeal." *Id.* at 129. On appeal, the court noted that one of respondent's claims remained pending and that the order failed to make an express determination of no just reason for delay. In dismissing the appeal for lack of jurisdiction, the court said, "Lacking an express finding of no just reason for delay, '[t]he appeal must be dismissed even though the parties do not object to the lack of such a determination.'" *Id.* (quoting *Benda by Reynolds v. Missouri Dep't of Mental Health*, 786 S.W.2d 612, 613 (Mo.App.1990)). *See also Oldaker v. Peters*, 817 S.W.2d 245, 248 n. 1 (Mo. banc 1991) (stating that a judgment as to one claim or party in a case with multiple claims or parties, though designated as final and appealable, is not a final and appealable judgment in the absence of a determination that "there is no just reason for delay" as required by Rule 74.01).

The purported judgment in this case contains the same deficiency as found in *Cummings*. Thus, the trial court's judgment is not final, and we have no jurisdiction over this appeal.

Appeal dismissed.

1. Rule references are to Missouri Rules of Court (1996).