Ralph McKEEVER, Plaintiff/Respondent,

and

Beverlee Chervitz, Plaintiff/Appellant,

v.

BI–STATE DEVELOPMENT AGENCY,
Leotha Mays, and Nicola Ball,
Defendants/Respondents.

No. 74551.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1999.

Richard G. Byrd, Gerald K. Rabushka and Associates, St. Louis, for Plaintiff/Respondent.

Mark E. Goodman, Jeffrey A. Cohen, Rosenblum, Golden Hersh, Silverstein & Zafft, Clayton, for Plaintiff/Appellant.

James E. Whaley, Brown & James, P.C., St. Louis, for Defendants/Respondents.

Before PAUL J. SIMON, P.J., KATHIANNE KNAUP CRANE, J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

In this case decedent's alleged spouse, plaintiff Ralph McKeever, and decedent's sister, plaintiff Beverlee Chervitz, each filed wrongful death actions against defendants, which were subsequently consolidated into one case before the trial court. The trial court granted McKeever's motion to dismiss Chervitz for lack of standing and signed under the words "SO ORDERED" on Chervitz' request to deem the dismissal a final and appealable judgment. McKeever's claim remains pending. Chervitz appeals the order of dismissal on the grounds that the trial court erred when another division of the court determined, in a prior, separate order, that McKeever and decedent's marriage was properly solemnized under Section 451.040 RSMo (1994). We dismiss this appeal for lack of jurisdiction because the trial court failed to make the determination required by Rule 74.01(b) to make its order of dismissal of one party a final and appealable judgment.

Chervitz attempts to appeal from the trial court's May 22, 1998 order which granted McKeever's motion to dismiss Chervitz for lack of standing and recited that McKeever's case remained pending. Chervitz filed a motion requesting that the order granting McKeever's motion to dismiss "be deemed a final and appealable judgment." The trial court granted this motion by signing under the words "SO ORDERED" at the bottom of the motion. It did not expressly determine "that there is no just reason for delay."

Although neither party disputes this court's jurisdiction over this appeal, we must address the question of appellate jurisdiction *sua sponte. Committee for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994); *Zimmer Radio of Mid–Missouri, Inc. v. Lake Broadcasting, Inc.*, 924 S.W.2d 615, 616 (Mo.App.1996). Where more than one claim for relief is presented or when multiple parties are involved, Rule 74.01(b) allows a court to enter a "judgment" as to fewer than all the claims or parties "only upon an express determination that there is no just reason for delay." *Id.*; *In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo. App.1989). In the absence of such a determination Rule 74.01(b) is inapplicable. *Committee for Educ. Equality*, 878 S.W.2d at 453. The appeal must be dismissed even though the parties do not object to the lack of such a determination. *Zimmer Radio*, 924 S.W.2d at 616; *Caldwell*, 766 S.W.2d at 466. A ruling that the judgment is "final" without the determination required by Rule 74.01(b) is insufficient. *Culligan Int'l Co. v. H & S Water Enter., Inc.*, 956 S.W.2d 468, 470 (Mo. App.1997); *Rea v. Moore*, 891 S.W.2d 874, 875–76 (Mo.App.1995); *Southwestern Bell Media, Inc. v. Cummings*, 803 S.W.2d 128, 129 (Mo.App.1990). This court is without jurisdiction to address this appeal.

McKeever's motion to dismiss on other grounds is denied as moot.

Appeal dismissed.