WOODMAN ENGINEERING COMPANY, a Missouri Corporation, Respondent,

v.

LICKING CONSTRUCTION and DEVELOPMENT CORPORATION and United Fire and Casualty Company, an Insurance Corp., Appellants.

No. WD 41801.

Missouri Court of Appeals, Western District.

March 20, 1990.

John H. Lake, Jefferson City, for appellants.

Robert L. Hyder, Jefferson City, for respondent.

Before NUGENT, C.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

This appeal arises from a law suit filed by respondent, Woodman Engineering Company, against appellants, Licking Construction and Development Corporation (Licking) and United Fire and Casualty Company.

The dispute centers on a contract between Woodman Engineering and Licking on a building project for the Jefferson City Housing Authority known as Westminister Heritage. Licking was the general contractor on the Westminister Heritage project. Woodman Engineering was a subcontractor to do plumbing, heating and air conditioning work for the project. United Fire and Casualty Company is an insurance corporation that was surety on Licking's performance bond on the Westminister Heritage project.

The contract between Woodman Engineering and Licking provided that Woodman Engineering would be paid monthly for work completed and materials on the project site less a 10% retainage. Woodman brought suit against the appellants alleging that it had not been paid the retainage due and that it was entitled to compensation for extra work. Woodman

also sought interest on the retainage from February 1, 1987.

The trial court, sitting without a jury, entered judgment in favor of Woodman Engineering and against appellants in the amount of $10,333.30 for retainage on Woodman's contract. The court found that said amount was due Woodman on May 1, 1987, and that Woodman was entitled to interest from said date at the rate of 9%. The court also found that Woodman was entitled to judgment against appellants for extra work in the amount of $2,560.46. However, Licking had filed a counterclaim against Woodman alleging that Woodman had failed to perform all of the work required under their contract. The court allowed an offset in the amount of $734.75 against Woodman's judgment for extra work.[1] After subtracting the offset Woodman was given judgment for the extra work in the net sum of $1,825.71.

■ In their first point appellants argue that the judgment of the trial court is not final because it did not dispose of appellant Licking's counterclaim.

Appellants' argument in this regard is without merit. Appellants argued at trial that their counterclaim entitled them to offset any amount that could possibly be due Woodman under the contract. The trial judge specifically advised the parties at the conclusion of the evidence that he was allowing an offset for replacement of the toilet seats but denying appellants' other claims of entitlement to offset. These claims of offset were pursuant to appellants' counterclaim and it is clear from the record that appellants' counterclaim was denied but for the replacement cost of the toilet seats.

In their second point appellants argue that the judgment is against the weight of the evidence. Appellants acknowledge that the standard of review is as set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Accordingly, the judgment of the trial court is to be sustained unless it is not supported by substantial evidence, is

against the weight of the evidence, or the trial court erroneously declared or applied the law.

■ Although appellants state that the complaint in their second point is that the judgment is against the weight of the evidence, they attempt to support their position by arguing that the retainage amount of $10,333.30 in the court's written judgment entry is different than the amount stated on the record by the court at the conclusion of the evidence. This presents a totally different issue than the question of whether or not the judgment is against the weight of the evidence. Although the second point of appellants' brief fails to comply with Rule 84.04 it is addressed ex gratia.

■ At the close of the evidence on the date of trial, November 10, 1988, the court stated that Woodman was entitled to $3,270.30 which had been retained in relation to the heating and air conditioning work performed and $6,383.00 which had been retained in relation to the plumbing work. Appellant notes that the addition of these two sums equals $9,653.30, not $10,-333.30, as reflected in the court's written judgment.

The trial court did not address all of the issues at the close of the evidence. The trial court requested briefs from the parties prior to rendering a final decision. The issues not addressed at the conclusion of the evidence were Woodman's request for compensation for extra work, prejudgment interest and attorneys fees. At the conclusion of the evidence the cause was taken under advisement for final judgment to be entered upon further consideration by the trial court.

The court's written judgment entry reflects that it was entered on the date of trial, November 10, 1988, but it was provided to the parties by way of a cover letter dated January 13, 1989. The cover letter advised the parties that the judgment enclosed with the letter had been entered.

1. The $734.75 represented the cost of replacing toilet seats that were allegedly not in compliance with the contract specifications.

The record before us reflects that the court's written judgment was actually entered on January 13, 1989, and not November 10, 1988.

Rule 74.01(b) provides that "... any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." The oral statement of the trial court at the conclusion of the evidence was not the final judgment of the court in that it did not resolve all of the issues. The order of the trial court was subject to revision until all of the claims, rights and liabilities of the parties were resolved. The final judgment of the trial court was entered on January 13, 1989, when all issues were resolved. The trial court had authority to revise its decision until final judgment was entered.

■ The evidence at trial was in conflict as to the amount due Woodman in relation to the heating and air conditioning work. Woodman's evidence was that $3,950.30 had been retained in relation to the heating and air conditioning work. The appellants' evidence was that the amount retained on Woodman's heating and air conditioning work was $3,270.00. There was no dispute but that $6,383.00 had been retained in relation to Woodman's plumbing work. This presented a question of fact for the trial court as to the amount retained in relation to the heating and air conditioning work. The judgment is supported by the evidence.

■ In their third point appellants argue that the trial court erred by entering a judgment in excess of the prayer of the petition. Consistent with the presentation of evidence by the parties at trial, the briefs of the parties on appeal and the judgment of the trial court, Woodman's Petition was not exemplar.

Woodman stated its cause of action against Licking in Count I of its petition and its cause against United Fire and Casualty Company in Count II. Woodman set out in Count I, paragraph 4 of its petition the extra work for which it claimed it was entitled to be paid and also alleged that it was entitled to payment for $3,950.30 retained on the "heating phase" and $6,383.00 on the "plumbing phase". The total of these two amounts is $10,333.30.

Count I, paragraph 5 of Woodman's petition was as follows:

"That said extra work induced the false representation as above set forth amounting to the sum of $11,062.86, all of which work was performed and plaintiff has made demand upon defendant for payment, and there is now due the plaintiff the additional sum of $10,-331.30."

Woodman's prayer under Count I was as follows:

"WHEREFORE, plaintiff prays judgment against Licking in the amount of $10,333.30 with interest from February 1, 1987 and all costs herein."

Count II of Woodman's Petition stated its cause of action against United Fire and Casualty Company. Count II realleged all of the allegations under Count I and alleged that Woodman was entitled to a penalty for vexatious delay and attorney's fees. The prayer under Count II was as follows:

"WHEREFORE, plaintiff prays judgment against United Fire and Casualty Company in the amount of $21,394.16 and interest at nine percent (9%) from February 1, 1987, ten percent (10%) penalty for vexatious delay, attorney's fees and all costs herein."

Woodman's petition was inartfully drafted. Nonetheless, appellants did not seek clarification by way of a motion for a more definite statement pursuant to Rule 55.-27(d). Considering the pleadings as a whole, it is apparent Woodman was seeking judgment against both Licking and United Fire and Casualty Company in the amount of $10,333.30 for monies retained and $11,-062.86 for extra work performed plus attorney's fees and a penalty for vexatious delay against United Fire and Casualty Company.[2]

2. $10,333.30 plus $11,062.82 equals $21,396.16, not $21,394.16, as requested in Woodman's

When the relief granted is consistent with the allegations in the petition, the court is not circumscribed by the prayer. *La Presto v. La Presto,* 285 S.W.2d 568, 570 (Mo.1955). Appellant's third point is denied.

In their fourth and final point, appellants argue that the trial court erred in its allowance of prejudgment interest. The court allowed prejudgment interest at the rate of 9% on the judgment of $10,333.30, for the retainage on Woodman's contracts for plumbing and air conditioning from May 1, 1987.

The contract between Woodman and Licking provided that the retainage was to be paid Woodman when the project was completed and accepted and Licking had been paid the retainage by the owner. The evidence at trial reflects that the project was completed and accepted on February 12, 1987. However, the only evidence in regard to payment of the retainage by the owner was that final payment was not received from the owner until seven months after the project was accepted and completed. This would mean that Licking received payment from the owner on September 12, 1987. The contract also provided that payments due and unpaid were to bear interest from the date due at the prevailing legal rate at the place of the project.

Under the terms of the contract and based on the evidence presented, the trial court erred by awarding prejudgment interest from May 1, 1987. Woodman was not entitled to prejudgment interest under the terms of the contract until September 12, 1987.

The judgment of the trial court is affirmed except for the award of prejudgment interest. The award of prejudgment interest is corrected pursuant to Rule 84.-14. Woodman is hereby allowed prejudgment interest against appellants on the award for retainage, which award was in

prayer under Count II. This is a small matter, but another one of the many examples of an entire proceeding that could and should have

the amount of $10,333.30, at the rate of 9% from September 12, 1987.

All concur.

been conducted in a more precise fashion by all concerned.