Larry NEWTON, Plaintiff–Respondent,

v.

Teresa MANLEY, Defendant–Appellant,

and

Farmers Insurance Company,
Inc., Defendant.

No. 16601.

Missouri Court of Appeals,
Southern District,
Division Two.

May 15, 1990.

---

David G. Beeson and Stephen C. Wilson, Buerkle, Beeson & Ludwig, Jackson, for defendant-appellant.

C.H. Parsons, Jr. and Joe Z. Satterfield, Parsons, Mitchell, Wilson & Satterfield, P.C., Dexter, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

On June 9, 1988, plaintiff Larry Newton brought this action in the Circuit Court of Pemiscot County against defendants Teresa Manley and Farmers Insurance Company, Inc. Count I of the petition, directed against Manley, sought damages for injuries sustained by Newton by reason of an incident which occurred on July 18, 1987, due to the alleged negligence on the part of Manley in the operation of a motor vehicle. Counts II and III were directed against Farmers. Count II sought reimbursement for medical bills incurred by Newton as a result of the incident and allegedly covered by a policy issued by Farmers to Newton. Count III sought damages and attorney's fees for Farmers' alleged "vexatious refusal to pay."

Farmers filed timely pleadings in response to the petition. Manley was served with process on June 17, 1988, but failed to file a timely responsive pleading.

On July 19, 1988, at a hearing attended only by plaintiff and his counsel, the court received evidence and entered a so-called "judgment" finding the issues on Count I in favor of plaintiff and against Manley and assessing plaintiff's damages at $100,-000. The "judgment" further recited: "It is therefore ordered, adjudged, and decreed that plaintiff, Larry Newton, shall have judgment and same is hereby entered in his favor against defendant, Teresa Manley, in Count I in the sum of One Hundred Thousand Dollars ($100,000.00)." After making unsuccessful efforts in the trial court to have the "judgment" set aside, defendant Manley appeals.

Rule 74.01(b)[1] reads:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

and the rights and liabilities of all the parties."

The "judgment" made no disposition of Count II or Count III. Moreover, it contains no "express determination that there is no just reason for delay." It is not an appealable judgment.

The appeal is premature and must be dismissed. Rule 74.01(b). *Love v. Love,* 779 S.W.2d 27 (Mo.App.1989). See also *In re Marriage of Lydic,* 762 S.W.2d 99, 100–101[1] (Mo.App.1988); *Eyberg v. Shah,* 773 S.W.2d 887, 894–896[15–26] (Mo.App.1989).

The appeal is dismissed.

HOGAN, C.J., and MAUS, J., concur.