STATE of Missouri, ex rel., ACCURATE
CONSTRUCTION COMPANY,
Relator,

v.

The Honorable Dennis J.
QUILLEN, Respondent.

No. 59880.

Missouri Court of Appeals,
Eastern District,
Writ Division Six.

May 14, 1991.

John J. Campbell, St. Louis, for relator.

Kenneth V. Byrne, St. Louis, for respondent.

GRIMM, Presiding Judge.

Accurate Construction Company seeks a writ of mandamus requesting an order to compel respondent judge to set aside his March 12, 1991 order setting aside default judgments he entered in favor of Accurate on December 3, 1990. For reasons hereinafter set forth, we (1) deny Accurate's request and (2) impose sanctions under Rule 55.03.

I.

The petition for writ of mandamus was filed by the firm of Campbell and Campbell, and is signed by David L. Campbell. It alleged that in the underlying action, Accurate sued Gary and Sharon Rickert, individually and as statutory trustees for four defunct corporations, as well as various other defendants, including Mercantile Trust Company National Association and a trustee under a deed of trust for Mercantile's benefit. Further, the mandamus petition alleged: (1) Accurate dismissed its claims against Mercantile without prejudice on August 25, 1989; (2) Accurate obtained a default judgment against the Rickerts individually and as statutory trustees for the corporations on December 3, 1990; (3) on February 4, 1991, Mercantile and the trustee filed a motion to set aside Accurate's default judgments against the Rickerts; and (4) on March 12, 1991, respondent judge set aside the default judgments.

Further, the mandamus petition alleged respondent judge's March 12 order was in excess of his jurisdiction because the judge "lost all control over said judgments thirty days after the date of their entry, and because the Motion of Mercantile and [trustee] was not properly before the Court, said movants not being parties to the lawsuit or to the judgment." The petition concluded that Accurate had no adequate remedy at law.

In his suggestions in opposition to the petition for writ of mandamus, respondent attached a copy of the underlying petition. The petition, which was filed in the Circuit Court of St. Louis County, contains three counts: Count I pleaded Quantum Meruit; Count II, Account Stated; and Count III, Equitable Relief. Count III was the only count seeking a judgment against Mercantile and trustee.

Mercantile and other defendants moved to dismiss Count III, which involved title to real property in Camden County, for improper venue. On August 3, 1989, the trial court dismissed Count III without prejudice.

Other defendants moved to dismiss Count II for failure to state a cause of action. On August 3, 1989, the trial court granted Accurate until September 5, 1989, to file an amended Count II; upon Accurate's failure to do so, and upon suggestion being given to the trial court of that failure, Count II was to be dismissed. On October 26, 1990, such suggestion was filed.

Thus, from the record before us, it appears only Count I remained pending when the default judgment was entered on December 3, 1990. However, Accurate obtained judgment on Counts I, II, and III.

The judgment on Count III awarded Accurate $3,000,000.00 punitive damages against the Rickerts, although Accurate's petition did not seek punitive damages. In addition, the Count III judgment purported

to set aside deeds, deeds of trust, subordination agreements, a wrap-around mortgage, and financing statements relating to real property in Camden County. Although Mercantile and trustee were not identified by name, the judgment identified and "set aside and for naught held" a deed of trust and financing statement issued for the benefit of Mercantile.

Respondent, in his suggestions in opposition to petition for writ of mandamus, said a hearing was held on the motion to set aside on March 12, 1991. The suggestion continues:

> Mr. John J. Campbell appeared on behalf of plaintiff Accurate. After some discussion and when Mr. Campbell was reminded of the facts that: (1) Counts II and III had been dismissed and (2) the default judgments purported to affect title to real estate in another county, he *assented* to setting aside the defaults. At the hearing, Mr. Campbell stated himself that the defaults could not stand on previously dismissed claims. Judge Quillen then entered his Order ... setting aside the defaults. Mr. Campbell signed this Order on behalf of plaintiff. Plaintiff then filed this Petition for Writ of Mandamus on March 18, seeking to set aside the action counsel consented to on March 12. (emphasis original).

Respondent's suggestions were filed on March 22, 1991. This court took no action until March 27, 1991, anticipating Accurate might challenge respondent's suggestions. No challenge was received.

Respondent's suggestions that (1) Counts II and III had been dismissed, yet judgments were entered on those counts and (2) Accurate had consented to the setting aside of the default judgments gave us serious concern. As a result, on March 27, 1991, this court granted Accurate until April 5, 1991, to respond to respondent's request for sanctions. At Accurate's request, the time to respond was extended, and on April 24, 1991, it filed its response. The response does not challenge any of the history set forth above, including the suggestion that John Campbell *"assented"* to setting aside the defaults."

■ The petition for writ of mandamus is denied. The December 3 default judgments did not dispose of all claims against all parties. Count I of the underlying action sought damages from four separate corporations, as well as from the Rickerts and their four defunct corporations.

Under Rule 74.01(b), when an action is against multiple parties or presents multiple claims, "a judgment as to one or more but fewer than all of the claims or parties" is not a final judgment unless there is an express determination that there is no just reason for delay. Otherwise, the rule provides any judgment or order is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Here, no order or judgment had been entered on Count I for or against the four separate corporations. Thus, the underlying action was still pending on March 12, the December 3 judgments were "subject to revision," and the trial court had jurisdiction to set aside the default judgments.

## II.

■ Respondent seeks sanctions under Rule 84.19. We, however, elect to consider on our own initiative sanctions under Rule 55.03. In part, Rule 55.03 provides:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading ... is signed in violation of this rule, the court ... shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party ... a reasonable attorney's fee.

Rule 11 of the Federal Rules of Procedure is the source of Rule 55.03 and, with the exception of one inconsequential sentence in the Federal Rule, Rule 55.03 is the virtual equivalent of Federal Rule 11. Federal decisions construing Rule 11 are persuasive in applying Rule 55.03. *See In re Estate of Caldwell,* 766 S.W.2d 464, 466 (Mo.App.E.D.1989).

Under Rule 55.03, there are basically three types of submitted papers which warrant sanctions: factually frivolous (not "well grounded in fact"); legally frivolous (not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law"); and papers "interposed for any improper purpose." *See Business Guides v. Chromatic Com. Enterprises,* 892 F.2d 802, 808 (9th Cir.1989). Rule 55.03 also requires that a "reasonable" prefiling inquiry be conducted into the law and facts. The rule imposes an *objective* standard of conduct. *Id.*

Here, Accurate's mandamus petition was factually frivolous; it was not well founded in fact. In paragraph 7, Accurate alleged Mercantile and trustee's motion to set aside the default judgments was "not properly before the Court, said *movants not being parties to the lawsuit* or to the judgment." (emphasis added). This allegation was not well founded in fact; Mercantile and trustee were parties to the lawsuit. Moreover, the default judgment purported to set aside the deed of trust held by Mercantile and the trustee on the property in Camden County.

Further, the rule requires a prefiling inquiry into the facts. Such an inquiry would have disclosed that judgments were obtained in the underlying action on two counts which had been dismissed. Further, a member of David L. Campbell's law firm had assented to setting aside the default judgments. As a result, Accurate's mandamus petition was not well founded in fact in seeking to set aside an order which had been consented to by its attorney, and which, at least in part, was void as beyond the jurisdiction of the court.

In addition, the mandamus petition was legally frivolous. It was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Rule 74.01(b) became effective January 1, 1988, more than three years ago. Numerous decisions have restated what the rule provides, *i.e.,* a trial court retains jurisdiction in cases involving multiple claims or multiple parties until all claims are disposed of, unless an express determination is otherwise made. *See, e.g. Caldwell,* 766 S.W.2d at 466; *Benda by Reynolds v. Missouri Dept. of Mental Health,* 786 S.W.2d 612, 613 (Mo.App.E.D. 1990); *Woodman Eng'g Co. v. Licking Const. & Devel. Corp.,* 786 S.W.2d 178 (Mo.App.W.D.1990); *Newton v. Manley,* 789 S.W.2d 521 (Mo.App.S.D.1990); *Bay's Texaco Service & Supply Co., Inc. v. Mayfield,* 792 S.W.2d 50 (Mo.App.E.D.1990).

Once the improvidently ordered default judgment was set aside on March 12, 1991, the rights of Accurate against the Rickerts could have been easily preserved by simply requesting the entry of an interlocutory default judgment against them in Count I of the petition. Rather than resorting to this simple expedient, Mr. Campbell sought the extraordinary remedy of a writ of mandamus from this court forcing the remaining parties and the dismissed parties to incur expenses in order to prevent a void judgment from imposing a cloud upon their interests.

Accurate's mandamus petition was both factually and legally frivolous. This petition does not meet the objective standard of reasonableness under all the circumstances which existed at the time the petition was filed. A cursory, much less a reasonable, inquiry of the facts and law would have disclosed the petition was not meritorious. As a result, it is appropriate to impose sanctions under Rule 55.03.

Mercantile's attorneys, appearing on behalf of respondent, filed an affidavit disclosing attorneys' fees of $2,052.00 have been incurred in responding to Accurate's mandamus petition. This affidavit is unchallenged.

The mandamus petition was signed by David L. Campbell. Pursuant to Rule 55.-03 which requires the imposition of sanc-

tions "upon the person who signed [the offending pleading], a represented party, or both," David L. Campbell is ordered to pay the firm of Thompson & Mitchell, Attorneys at Law, $2,052.00.* Costs are assessed to David L. Campbell.

CARL R. GAERTNER and CRANE, JJ., concur.

---

* Attorneys for other parties also filed responsive pleadings on behalf of respondent. However, as they merely reiterated or adopted the suggestions filed by Thompson & Mitchell, and because they did not submit any itemization of time expended or fees incurred, we decline to increase the amount of the sanctions imposed.